# IN THE UNITED STATES DISTRCIT COURT

# SOUTHERN DISTRICT OF GEORGIA

# AUGUSTA DIVISION

| | | |
|---|---|---|
| SHIRLEY RADABAUGH, | ) | |
| | ) | **JURY TRIAL DEMAND** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | DOCKET NO: 1:20-CV-00058-JRH-BKE |
| | ) | |
| CLAY TURNER REALTY GROUP, LLC, | ) | |
| Defendant. | ) | |

## DEFENDANT CLAY TURNER REALTY GROUP, LLC ANSWER

**COMES NOW CLAY TURNER REALTY GROUP, LLC**, Defendant in the above-styled action and bring this Answer to Plaintiff's Complaint, and shows the Court the following:

Defendant respond to the numbered paragraphs of Plaintiff's Complaint as follows:

**1.**

Defendant denies the allegations, generally and specifically, as set forth under paragraph 1 of Plaintiff's Complaint.

**2.**

Defendant admits that the United States District Court holds subject matter jurisdiction over this matter.

**3.**

Defendant denies that the Middle District of Georgia held personal jurisdiction over the matter. This matter was transferred on April 22, 2020 to the Southern District of Georgia. Defendant admits that the Southern District of Georgia holds personal jurisdiction over this matter as the Defendant is a

business registered with the Georgia Secretary of State, Corporations Division, with its principal place of business being located in Lincolnton, Georgia.

**4.**

Defendant admits that the now presiding court of the Southern District of Georgia – Augusta Division, is the proper venue for this action.

**5.**

Defendant is without enough information or belief to either admit or deny the allegations in paragraph 5 of Plaintiff's Complaint and therefore, denies the allegations, specifically and generally.

**6.**

Defendant admits that it is a limited liability company duly organized and existing under the laws of the State of Georgia. Defendant admits that its principal place of business is located at 138 N. Peachtree Street, Lincolnton, Georgia 30817. Defendant admits that it is registered with the Georgia Department of Corporations to do business in Georgia. Defendant admits that a website at the URL: [www.TurnerRealty.US](www.TurnerRealty.US) (the "Website") is an online webpage. Defendant denies, specifically and generally, all other allegations contained in Paragraph 6 of Plaintiff's Complaint.

**7.**

Defendant is without sufficient information or belief in order to admit or deny the allegations contained in Paragraph 7 of Plaintiff's Complaint, and therefore, denies all allegations therein, specifically and generally.

**8.**

Defendant is without sufficient information or belief in order to admit or deny the allegations contained in Paragraph 8 of Plaintiff's Complaint, and therefore, denies all allegations therein, specifically and generally.

**9.**

Defendant is without sufficient information or belief in order to admit or deny the allegations contained in Paragraph 9 of Plaintiff's Complaint, and therefore, denies all allegations therein, specifically and generally.

**10.**

Defendant denies, specifically and generally, all the allegations as set forth in Paragraph 10 of Plaintiff's Complaint.

**11.**

Defendant denies, specifically and generally, all the allegations as set forth in Paragraph 10 of Plaintiff's Complaint.

**12.**

Defendant incorporates by reference each and every response contained in Paragraphs 1-11, inclusive, as though fully set forth herein.

**13.**

Defendant denies each and every allegations, generally and specifically, as set forth in Paragraph 13 of Plaintiff's Complaint.

**14.**

Defendant denies, generally and specifically, each and every allegation as set forth in Paragraph 14 of Plaintiff's Complaint.

**15.**

Defendant denies, generally and specifically, each and every allegation as set forth in Paragraph 15 of Plaintiff's Complaint.

**16.**

Defendant denies, generally and specifically, each and every allegation as set forth in Paragraph 16 of Plaintiff's Complaint and further denies that Plaintiff is entitled to damages and/or Defendant's profits.

**17.**

Defendant denies, generally and specifically, each and every allegation as set forth in Paragraph 17 of Plaintiff's Complaint and further denies that Plaintiff is entitled to statutory damages.

**18.**

Defendant denies, generally and specifically, each and every allegation as set forth in Paragraph 18 of Plaintiff's Complaint and further denies that Plaintiff is entitled to attorney's fees and/or full costs.

**AFFIRMATIVE DEFENSES**

**19.**

**FIRST AFFIRMATIVE DEFENSE: FAILURE TO STATE A CLAIM**

As a first, separate and distinct affirmative defense, Defendant alleges that the Complaint, and each and every cause of action contained therein, fails to state facts sufficient to constitute a cause of action against Defendant.

**20.**

**SECOND AFFIRMATIVE DEFENSE: FAIR USE DOCTRINE**

As a second, separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims for copyright infringement are barred by the doctrine of Fair Use under 17 U.S.C. 107.

**21.**

**THIRD AFFIRMATIVE DEFENSE:  FIRST AMENDMENT**

As a third, separate and distinct affirmative defense, Defendant alleges that Plaintiff's Complaint is barred by the First Amendment of the United States Constitution.

**22.**

**FOURTH AFFIRMATIVE DEFENSE:**

**FAILURE TO COMPLY WITH COPYRIGHT REQUIREMENTS**

As a fourth, separate and distinct affirmative defense, Defendant alleges that one or more of the copyright registrations that Defendant allegedly infringed are invalid for failure to comply with the requirements as set forh in 17 U.S.C. § 102.

**23.**

**FIFTH AFFIRMATIVE DEFENSE: NO OWNERSHIP OF COPYRIGHT**

As a fifth, separate and distinct affirmative defense, Defendant alleges that Plaintiff failed to establish any possession or ownership of copyright in the materials referred to in the Complaint.

**25.**

**SIXTH AFFIRMATIVE DEFENSE: NO STATUTORY DAMAGES OR ATTORNEY'S FEES**

As a sixth, separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims for statutory damages and attorney's fees under 17 U.S.C. § 504 are barred because Plaintiff's copyright registrations were not made within three months after the first publication of the allegedly infringing works, as required by 17 U.S.C. § 412.

**26.**

**SEVENTH AFFIRMATIVE DEFENSE: NO INJUNCTIVE RELIEF**

As a seventh, separate and distinct affirmative defense, Defendant alleges that Plaintiff is not entitled to injunctive relief because there is no immediate or irreparable damage to Plaintiff, and Plaintiff has an adequate remedy at law.

**27.**

**EIGHTH AFFIRMATIVE DEFENSE: LACHES**

As an eighth, separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims for copyright infringement are barred by the doctrine of laches.

**28.**

**NINTH AFFIRMATIVE DEFENSE:  WAIVER**

As a ninth, separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims for copyright infringement are barred by the doctrine of waiver.

**29.**

**TENTH AFFIRMATIVE DEFENSE:  STATUTE OF LIMITATIONS**

As a tenth, separate and distinct affirmative defense, Defendant alleges that Plaintiff is not entitled to relief to the extent that the claims for relief contained in the Complaint are barred by the applicable statute of limitation, including 17 U.S.C. § 507(b).

**30.**

**ELEVENTH  AFFIRMATIVE DEFENSE:  ESTOPPEL**

As a sixth, separate and distinct affirmative defense, Defendant alleges that Plaintiff is estopped from asserting any claim or demand, if any ever existed, against Defendant with respect to all allegations of the Complaint.

**31.**

**TWELFTH AFFIRMATIVE DEFENSE:  UNCLEAN HANDS**

As a twelfth, separate and distinct affirmative defense, Defendant alleges that Plaintiff's action is barred by the doctrine of unclean hands with respect to all allegations in the Complaint.

**32.**

**THIRTEENTH AFFIRMATIVE DEFENSE:  DAMAGES**

Case 1:20-cv-00058-JRH-BKE   Document 7   Filed 05/15/20   Page 7 of 10

As a thirteenth, separate and distinct affirmative defense, Defendant alleges that Plaintiff suffered no cognizable damage or injuries as a result of the matters alleged in the Complaint.

33.

**FOURTEENTH AFFIRMATIVE DEFENSE:  UNJUST ENRICHMENT**

As a fourteenth, separate and distinct affirmative defense, Defendant alleges that Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

34.

**FIFTEENTH AFFIRMATIVE DEFENSE:  FORFEITURE OF COPYRIGHT**

As a fifteenth, separate and distinct affirmative defense, Defendant alleges that Plaintiff failed to affix any notice of copyright protection to the materials referred to in the Complaint and has thereby forfeited any alleged copyrights in such materials.

35.

**SIXTEENTH AFFIRMATIVE DEFENSE:  ABANDONMENT OF COPYRIGHT**

As a sixteenth, separate and distinct affirmative defense, Defendant alleges that Plaintiff has abandoned any copyright claim to the material(s) referred to in the Complaint.

36.

**SEVENTEETH AFFIRMATIVE DEFENSE:  FAILURE TO MITIGATE**

As a seventeenth, separate and distinct affirmative defense, without admitting that Plaintiff sustained any damage or detriment, or that Defendants are liable to Plaintiff in any manner whatsoever for any of the purported causes of action within Plaintiff's Complaint, Defendant alleges that the alleged damages sustained by Plaintiff, if any, were caused in whole or in part by Plaintiff's own failure to mitigate its alleged damages, and accordingly, any recovery against Defendant is barred in whole or in part.

37.

**EIGHTEENTH AFFIRMATIVE DEFENSE:  INDISPENSIBLE PARTIES**

As an eighteenth, separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred for failure to join indispensable parties.

**38.**

**NINETEENTH AFFIRMATIVE DEFENSE:  LACK OF STANDING**

As a nineteenth, separate and distinct affirmative defense, Defendant alleges that Plaintiff has no standing to bring the alleged claims.

**39.**

**RESERVATION OF DEFENSES**

Defendant reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure and any other defenses, at law or in equity, that may be available now or may become available in the future based on discovery or any other factual investigation in this case.

**PRAYER FOR RELIEF**

**WHEREFORE**,  Defendant respectfully requests judgment as follows:

1. That this action be dismissed;
2. That Plaintiff take nothing by reason of her Complaint and that judgment be rendered in favor of Defendant;
3. That Defendant be awarded costs, expenses and attorney's fees incurred in Defense of this Action;
4. Such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Defendant hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38 (B).

DATED:  This, 15th day of May, 2020.

/s/ Kristen T. Jones

Kristen T. Jones
Attorney for Clay Turner Realty Group, LLC
GA BAR NO. 632847

**TURNER JONES LEGAL, LLC**
Post Office Box 1703
Lincolnton, Georgia 30817
(706) 359-3332

**CERTIFICATE OF SERVICE**

      This is to certify that I have served a copy of the foregoing **DEFENDANT CLAY TURNER REALTY GROUP, LLC'S ANSWER** upon parties and opposing counsel as follows:

Richard P. Liebowitz<br>
Attorney for Plaintiff<br>
[via CM/ECF Electronic Delivery]<br>
11 Sunrise Plaza, Suite 305<br>
Valley Stream, NY 11580

By statutory electronic service or by placing same in the United States mail with adequate postage thereon to assure proper delivery.

This 15th day of May, 2020.

                                                   /s/ Kristen T. Jones
                                                           Kristen T. Jones
                                                     Attorney for Defendants
                                                           GA Bar No. 632847

Turner Jones Legal, LLC
Post Office Box 1703
Lincolnton, Georgia 30817
(706) 359-3332