IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| SHIRLEY RADABUAGH | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | 1:20-cv-00058-JRH-BKE |
| | ) | |
| | ) | |
| CLAY TURNER REALTY GROUP | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON LIABILITY AGAINST DEFENDANT FOR COPYRIGHT INFRINGEMENT**

Plaintiff Shirley Radabaugh ("Plaintiff" or "Radabaugh"), via counsel, respectfully submits this memorandum of law in support of her motion for partial summary judgment pursuant to Rule 56(a) of the Federal Rules of Civil Procedure in Plaintiff's favor on the issue of liability for copyright infringement (Count I of the Complaint) against Defendant Clay Turner Realty Group LLC ("Defendant" or "Clay Turner") and for the summary dismissal as a matter of law of Defendant's affirmative defenses to liability; and for such further relief as this Court deems just and proper.

**STATEMENT OF UNCONTROVERTED FACTS**

**The Parties**

Plaintiff is a professional photographer who licenses her work in exchange for fees. [Declaration of Shirley Radabaugh ("Radabaugh Decl.") ¶ 3]

1

Defendant is a for-profit entity based in Lincolnton, Georgia which operates in the real estate industry. [Radabaugh Decl. ¶ 8, Ex. C] Defendant operates a website at the following URL www.turnerrealty.us (the "Website"). [Radabaugh Decl. ¶ 9]

### The Photograph of the Train Depot in Aiken, South Carolina – August 28, 2016

On or about August 28, 2016, Plaintiff photographed the train depot in Aiken, South Carolina. [Radabaugh Decl. ¶ 4] Plaintiff used her creative skill to capture the Photograph using her own selection of timing, angle, perspective, depth, and filters. [Radabaugh Decl. ¶ 5] Plaintiff created the Photograph for the purpose of depicting the train depot in Aiken, South Carolina and for making the Photograph available for commercial licensing. [Radabaugh Decl. ¶ 6] Plaintiff then made the Photograph available for commercial licensing through the website Fine Art America, at www.fineartamerica.com. [Radabaugh Decl. ¶ 7]

### Defendant's Unauthorized Re-Publication of the Photograph

Defendant republished the Photograph in full-scale and full color on the Website. [Radabaugh Decl. ¶ 10, Ex. C] Defendant did not license the Photograph from Plaintiff for use on its Website, nor did Defendant have her permission or consent to publish the Photograph on its Website. [Radabaugh Decl. ¶ 11]

Defendant used the Photograph for the same purpose for which it was created, namely, to depict Aiken, South Carolina. [Radabaugh Decl. ¶ 12] Defendant used the Photograph to promote and market the sale of real estate in Aiken, South Carolina. [Radabaugh Decl. ¶ 13, Ex. D]

Prior to Defendant's publication of the Photograph, there was no communication between Plaintiff and Defendant. [Radabaugh Decl. ¶ 14] Prior to the filing of this lawsuit, there was no communication between Plaintiff and Defendant. [Radabaugh Decl. ¶ 15]

### **Registration of the Photograph – July 15, 2019**

Plaintiff is in possession of a registration certificate for the Photograph, bearing number VA 2-163-245, with effective date of July 15, 2019 (the "245 Registration"). [Radabaugh Decl. ¶ 16, Ex .E] The Photograph, bearing title "8.28.16.The Aiken Train Depot the blue hour after sunset" is on deposit with the Copyright Office as part of the 245 Registration. [Radabaugh Decl. ¶ 17] Plaintiff obtained the 245 Registration on July 15, 2019, within five years after first publication of the Photograph on August 28, 2016. [Radabaugh Decl. ¶ 18]

### **LEGAL STANDARD**

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made the required showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact such that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Factual controversies are resolved in favor of the nonmoving party "only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999) (quoting *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

**ARGUMENT**

On summary judgment, the Court may determine liability against a defendant on plaintiff's copyright infringement claim. *See, Sony Pictures Home Entm't, Inc. v. Lott*, 471 F. Supp. 2d 716, 719 (N.D. Tex.), *aff'd,* 255 F. App'x 878 (5th Cir. 2007).

**POINT I:   THERE ARE NO ISSUES OF MATERIAL FACT TO PRECLUDE A FINDING THAT PLAINTIFF HAS ESTABLISHED HER COPYRIGHT INFRINGEMENT CLAIM**

To establish a claim of copyright infringement, plaintiff must show two elements: (1) he or she owns a valid copyright and (2) the defendant copied constituent elements of the plaintiff's work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361 (1991).

**A.   PLAINTIFF OWNS A VALID COPYRIGHT IN THE PHOTOGRAPH**

A certificate of registration from the U.S. Register of Copyrights constitutes *prima facie* evidence of the certificate holder's copyright ownership, as well as of the truth of the facts stated in the registration. *Norma Ribbon & Trimming, Inc. v. Little*, 51 F.3d 45, 47 (5th Cir. 1995) (*citing* 17 U.S.C. § 410(c)). A certificate of copyright registration is *prima facie* evidence of both valid ownership of copyright and originality. *Scholz Design, Inc. v. Sard Custom Homes, LLC*, 691 F.3d 182, 186 (2d Cir. 2012). To be timely, a certificate of registration must be obtained "before or within five years after first publication" of a work. *General Universal Sys. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004).

Here, Plaintiff is in possession of a certificate for copyright registration no. VA 2-163-245, with effective date of July 15, 2019 (the "245 Registration"). [Radabaugh Decl. ¶ 16, Ex .E] The Photograph, bearing title "8.28.16.The Aiken Train Depot the blue hour after sunset" is on deposit with the Copyright Office as part of the 245 Registration. [Radabaugh Decl. ¶ 17]

Such evidence is sufficient to establish the validity of Plaintiff's copyright as a matter of law. *See, e.g., Goodman v. Universal Beauty*, 17-cv-1716 (KBF), 2018 WL 1274855, at *5 (S.D.N.Y. March 9, 2018) (finding on summary judgment that a sworn declaration was sufficient to show that photograph was on deposit with the applicable registration certificate); *Chicoineau v. Bonnier Corp.*, No. 18-CV-3264 (JSR), 2018 WL 6039387, at *2 (S.D.N.Y. Oct. 16, 2018) (finding photographer's sworn declaration that photograph was on deposit to be sufficient in the absence of any contrary evidence).

Plaintiff obtained the 245 Registration on July 15, 2019, within five years after first publication of the Photograph on August 28, 2016. [Radabaugh Decl. ¶ 18] Accordingly, the 245 Registration serves as *prima facie* evidence of Plaintiff's valid copyright ownership in the Photograph. *Norma Ribbon & Trimming, Inc.,* 51 F.3d at 47. "The validity of a registration may be rebutted by proof of a certificate holder's fraud on the Copyright Office, though the party seeking to establish such fraud bears a heavy burden." *Fonar Corp. v. Domenick*, 105 F.3d 99, 105 (2d Cir. 1997) ("the presumption [of validity] may be overcome only by 'proof of deliberate misrepresentation.'").

Here, Defendant has failed to produce any evidence that Plaintiff or her counsel defrauded the USCO upon obtaining the 245 Registration. Indeed, there is no evidence that Defendant even bothered to contact the USCO during discovery. Accordingly, there is no issue of material fact concerning the validity of the 245 Registration.

Further, there can be no serious dispute that Plaintiff's Photograph is original. *See Wohr v. Texas Media Grp., LLC,* No. 1:19-CV-565-LY, 2019 WL 9465702, at *2 (W.D. Tex. Oct. 28, 2019) ("in the context of photographs, the requisite originality comes from the author's 'personal choice' of subject matter and decisions about factors like lighting and angles).

B.   **DEFENDANT COPIED THE PHOTOGRAPH WITHOUT AUTHORIZATION**

To establish the second element, a plaintiff must prove: (1) factual copying and (2) substantial similarity. *Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 576 (5th Cir. 2003). To assess substantial similarity, "a side-by-side comparison must be made between the original and the copy to determine whether a layman would view the two works as substantially similar." *Nola Spice Designs, L.L.C. v. Haydel Enterprises, Inc.*, 783 F.3d 527, 550 (5th Cir. 2015) (internal quotation marks and citation omitted).

There is no factual dispute concerning whether Defendant copied the Photograph as it was prominently displayed on Defendant's Website [Radabaugh Decl. ¶ 10, Ex. C] *See Otto v. Hearst Commc'ns, Inc.,* 345 F. Supp. 3d 412, 425 (S.D.N.Y. 2018) (finding the second element satisfied where "the parties do not contest the fact that Hearst actually copied Otto's photograph for its use in the Esquire Article, nor that the works are substantially similar because they are the same photograph.")

Further, Defendant did not license the Photograph from Plaintiff for use on its Website, nor did Defendant have her permission or consent to publish the Photograph on its Website. [Radabaugh Decl. ¶ 11] As such, Defendant violated Plaintiff's exclusive rights under section 106 of the Copyright Act because its copying amounted to "an improper and unlawful appropriation." *Otto*, 345 F.Supp.3d at 425 ("The parties do not dispute Hearst did not have Otto's permission to use the Photograph, making the appropriation unlawful.")

In sum, there is no genuine issue of material fact concerning the two elements of Plaintiff's copyright infringement claim. *See Id.* ("because Otto has established that he owns a valid copyright in the image, and because the actual copying and substantial similarity elements have been met, the Court finds that Hearst infringed upon Otto's exclusive right to control the

reproduction and distribution of his photograph.").

Furthermore, because Plaintiff has established the validity of her copyright in the Photograph as a matter of law, the following affirmative defenses should be summarily dismissed: failure to comply with copyright requirements (4th), no ownership of copyright (5th); forfeiture of copyright (15th); abandonment of copyright (16th); and lack of standing (19th).

**POINT II:    THE FAIR USE DEFENSE FAILS AS A MATTER OF LAW**

Defendant has asserted the affirmative defense in this action: fair use under 17 U.S.C. § 107 (2d affirmative defense).

Fair use is an affirmative defense that "presumes that unauthorized copying has occurred, and is instead aimed at whether the defendant's use was fair." *Monge v. Maya Magazine, Inc.*, 688 F.3d 1164, 1170 (9th Cir. 2012). A court "may conclude as a matter of law that the challenged use does not qualify as a fair use of the copyrighted work." *Harper & Row v. Nation Enterprises*, 471 U.S. 539, 560 (1985). Thus, the Court may grant summary judgment dismissing the fair use defense. *See, e.g.*, *Stewart v. Abend*, 495 U.S. 207 (1990).

Section 107 of the Copyright Act sets out four non-exclusive factors to consider in determining whether a defendant's use of a copyrighted work is a fair use. These are "(1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work." 17 U.S.C. § 107.

With respect to the first factor, there is nothing transformative about Defendant's use of the Photograph. In cases where photographs are used as illustrative devices to comment on the content depicted in the image, courts have consistently determined that such use is not

7

transformative. *See, e.g., Cruz v. Cox Media Grp., LLC*, 444 F. Supp. 3d 457 (E.D.N.Y. 2020) (secondary use of a photograph of a terrorist suspect held not transformative where news organization published a descriptive report of the arrest); *Otto v. Hearst Commc'ns, Inc.,* 345 F. Supp. 3d 412 (S.D.N.Y. 2018) (photograph of President Trump crashing a wedding held not transformative because the photograph itself was not the object of any controversy); *Hirsch v. Complex Media, Inc.*, No. 18-cv-5488 (CM), 2018 WL 6985227, at *6 (S.D.N.Y., December 10, 2018) ("Complex has not established that its Video did anything more than merely describe the subject of Hirsch's Photograph, newsworthy or not. That conduct alone does not suffice as transformative."); *Psihoyos v. Nat'l Exam'r*, No. 97 CIV. 7624 (JSM), 1998 WL 336655, at *3 (S.D.N.Y. June 22, 1998) (where photograph of an art car was republished in a news article, publisher's "use is not transformative, because its piece uses the photo to show what it depicts."); see also *Monge,* 688 F.3d at 1175 (rejecting fair use defense where " the controversy here has little to do with photos; instead, the photos here depict the couple's clandestine wedding.").

Here, Defendant used a photograph of Aiken, South Carolina to show what it depicts: Aiken. That's not transformative. Indeed, Defendant used the Photograph for the same purpose for which it was created, namely, to depict Aiken, South Carolina. [Radabaugh Decl. ¶ 12] Defendant's use was also commercial because it used the Photograph to promote and market the sale of real estate in Aiken, South Carolina. [Radabaugh Decl. ¶ 13, Ex. D]  Accordingly, the first factor weighs against fair use.

The second and third factors also weigh against fair use because the Photograph is creative in nature and because Defendant used the entire full color, full-scale image.

Finally, with respect to the fourth factor, Defendant's secondary use impairs the actual market for the Photograph because there was a fully functioning market for the Photograph as it

was available for license. [Radabaugh Decl. ¶ 7] *See Associated Press*, 931 F.Supp.2d at 559 ("Where there is a fully functioning market for the infringer's use of the copyrighted material, it will be difficult for the infringing party to show that it made fair use without paying a licensing fee") (citing *Harper & Row*, 471 U.S. at 566 n. 9).

Accordingly, because all four factors weigh against fair use, this defense should be dismissed, along with the third affirmative defense of First Amendment which is duplicative. *See, e.g., Eldred v. Ashcroft*, 537 U.S. 186, 190 (2003) (holding that the codified fair use doctrine under section 107 "contains built in First Amendment accommodations."); *Roy Export Co. Establishment v. Columbia Broadcasting System, Inc.*, 672 F.2d 1095, 1099 (2d Cir.), *cert. denied*, 459 U.S. 826, (1982) ("[n]o Circuit that has considered the question . . . has ever held that the First Amendment provides a privilege in the copyright field distinct from the accommodation embodied in the 'fair use' doctrine.");

## POINT III:   DEFENDANT'S REMAINING DEFENSES TO LIABILITY SHOULD BE DISMISSED

Defendant also asserts a laundry list of boilerplate defenses to liability, which are failure to state a claim (1st), laches (8th), waiver (9th), statute of limitations (10th), estoppel (11th); unclean hands (12th).

Defendant has failed to produce any evidence to support these defenses. Moreover, prior to Defendant's publication of the Photograph, there was no communication between Plaintiff and Defendant. [Radabaugh Decl. ¶ 14]  Prior to the Plaintiff's filing of this lawsuit, there was no communication between Plaintiff and Defendant. [Radabaugh Decl. ¶ 15] Accordingly, waiver, estoppel and unclean hands must be dismissed. Defendant has also failed to produce evidence that the suit was filed three years beyond Plaintiff's discovery of the alleged infringement. Thus, statute of limitations and laches must be dismissed.

## **CONCLUSION**

For the foregoing reasons, Plaintiff Shirley Radabaugh respectfully submits that her motion for partial summary judgment on liability against Defendant Clay Turner for copyright infringement should be GRANTED.

This the 5th day of November 2020.

                                           Respectfully submitted,

                                           CARSON LAW GROUP, PLLC

                                           */s/Dorsey R. Carson, Jr.*
                                           Dorsey R. Carson, Jr. (GA Bar No. 940300)
                                           2870 Peachtree Road, NW
                                           #915-3234
                                           Atlanta, GA 30305
                                           Telephone:  601-351-9831
                                           Facsimile: b601-510-9056
                                           Email: dcarson@thecarsonlawgroup.com


                                           LIEBOWITZ LAW FIRM, PLLC

                                           */s/Richard Liebowitz*
                                           Richard Liebowitz, Esq. (Admitted PHV)
                                           11 Sunrise Plaza, Suite 305
                                           Valley Stream, New York 11580
                                           Telephone:  (516) 233-1660
                                           Email:  rl@liebowitzlawfirm.com

                                           *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Plaintiff's motion for partial summary judgment, and all supporting papers submitted in connection therewith, was served on November 5, 2020 via CM/ECF on all counsel of record as follows:

> Kristen Turner Jones, Esq.
> Turner Jones Legal, LLC
> Post Office Box 1703
> Lincoln, GA 30817-8703
> Email: turnerjoneslegal@gmail.com
>
> *Counsel for Defendant*

This the 5th day of November 2020.

*/s/Dorsey R. Carson, Jr.*
OF COUNSEL
