IN THE UNITED STATES DISTRCIT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| SHIRLEY RADABAUGH,<br><br>      Plaintiff,<br>v.<br><br><br>CLAY TURNER REALTY GROUP, LLC,<br>      Defendant. | )<br>)   **JURY TRIAL DEMAND**<br>)<br>)<br>)   **DOCKET NO:**<br>)   **1:20-CV-00058-JRH-BKE**<br>)<br>)<br>)<br>) |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant Clay Turner Realty Group, LLC ("Defendant" or "Turner Realty Group"), by and through its counsel of record, respectfully submits this memorandum of law in support of its objection to Shirley Radabaugh's ("Plaintiff") Motion for Partial Summary Judgment and supporting memorandum of law pursuant to Rule 56(a) of the Federal Rules of Civil Procedure and requests that this court deny Plaintiff's Motion for Partial Summary Judgment, including its requests for dismissal as a matter of law of Defendant's affirmative defenses to liability; and for such further relief as this Court deems just and proper.

### STATEMENT OF FACTS

### The Parties

Plaintiff is a photographer who creates photographs, some of which are presented via license in exchange for fees. [Declaration of Shirley Radabaugh ("Radabaugh Decl.")

¶ 3].

Defendant is a real estate agency organized under the laws of the State of Georgia whose principal place of business is located in Lincolnton, Georgia. [Declaration of Clay Turner ("Turner Decl.") ¶ ¶ 6 & 7 ].

### The Photograph of the Train Depot in Aiken, South Carolina

Plaintiff asserts she was the creator and owner of the photograph at issue. (Radabaugh Decl. ¶ 4) During the course of discovery, Plaintiff provided no electronic or physical evidence other than the affidavit attached to her motion that she created, owned, or produced the photograph at issue. There were no electronic files containing dates of creation or formatting, if created digitally. There were no negatives provided showing original creation or ownership if created with a standard film camera. Aside from the written word of Plaintiff, there is no evidence that she was, in fact, the creator of the original work. Furthermore, Plaintiff, in response to written discovery stated, "Plaintiff does not have any documents in her possession" which would demonstrate any active or past licenses issued for the use of the photograph, including, but not limited to: contracts, receipts, costs, or fee schedules." Furthermore, Plaintiff has failed to produce any documentation supporting the licensing available for her photograph through www.fineartamerica.com or that she issued permission to the site to publish or issue such licensing. Plaintiff has further failed to provide evidence of the actual first publication date of the photograph aside from the affidavit attached to Plaintiff's Memorandum.

### **Defendant's Re-Publication of the Photograph**

Defendant employed a third-party contractor to develop the website for his real estate agency. (Turner Decl. ¶ 8). That third party was one Mr. Jimmy Bennett who builds websites for customers through his business, SouthFire Web Solutions ("SouthFire"). (Turner Decl. ¶ ¶ 8, 9). SouthFire utilizes images through Adobe Stock, provided by his clients, or that are readily available on the internet, and thus, the public domain, to populate his client's websites. (Turner Decl. ¶ ¶ 10, 11). These images are selected by SouthFire and sometimes modified by the same in order to place them on client's websites. (Turner Decl. ¶ 16). This is his standard policy and was followed in the creation of the website owned by Defendant, www.turnerrealty.us. (Turner Decl. ¶ ¶ 12, 16). The train depot image used was used to depict Aiken, South Carolina. (Turner Decl. ¶ 18). Aiken, South Carolina is a locality in which Defendant markets and sale real estate. (Turner Decl. ¶ 14). The train depot is a well-known landmark in Aiken, South Carolina. (Turner Decl. ¶ 15).

Defendant was not aware the image may have been a copyrighted image. (Turner Decl. ¶ 17). Defendant the image to be a stock image or properly licensed. (Turner Decl. ¶ 17). While Defendant did not license the photograph through Plaintiff, Defendant believed the image was widely available in the public sector such to believe it was available for use by any entity (Turner Decl. ¶ 21).

Prior to the publication or filing of this lawsuit, there was no communication between Plaintiff and Defendant. (Turner Decl. ¶ 19). Defendant had no knowledge of Plaintiff or her supposed ownership of the photograph prior to the filing of this lawsuit. (Turner Decl. ¶ 20). Plaintiff, upon discovery of the publication and prior to the filing

of the lawsuit, did not communicate with Defendant to request removal of the photograph or entry into a contract for licensing use and/or payment of the same. (Turner Decl. ¶ 20). Defendant had SouthFire remove the image from the website after receiving notice of the potential license violation. (Turner Decl. ¶ 21). Following the filing of the lawsuit, Plaintiff practiced in bad faith during the discovery process and did not provide Defendant with evidence which Plaintiff was in possession of which would have been exclupatory or supportive of Defendant's defenses. Defendant had no access to this information without Plaintiff's full cooperation in good faith with the discovery process.

### Registration of the Photograph - July 15, 2019

Plaintiff is in possession of a registration certificate for the photograph at issue, bearing number VA 2-163-245, with an effective date of July 15, 2019 (the "245 Registration"). [Radabaugh Decl. Par. 16, Plaintiff Memorandum Ex. E]. The 245 Registration declares the title as "8.28.16. The Aiken Train Depot the blue hour after sunset," which is on deposit with the Copyright Office. [Radabaugh Decl. Par. 17]. While the date declared in the Registration title is August 28, 2016, there has been no proof of the same other than Plaintiff's Declaration.

### LEGAL STANDARD

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." Fed. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

247 (1986). All evidence viewed and all reasonable inferences must be drawn in the light most favorable to the party opposing the motion in determining a motion for summary judgment. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The initial burden lies with the moving party to show there is no genuine issue for trial. *Celotex Corp. V. Catrett*, 477 U.S. 317, 323 (1986). Once the burden is met by the moving party, the burden shifts to the objecting party to establish there is a genuine issue of material fact, such that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87. Factual controversies shall be resolved in favor of the objecting party "only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999) (quoting *McCallum Highlands, Ltd. V. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995).

## ARGUMENT

Courts may determine liability against a defendant on plaintiff's copyright infringement claim on summary judgment. See, *Sony Pictures Home Entm't, Inc. V. Lott*, 471 F. Supp. 2d 716, 719 (N.D. Tex.)., aff'd, 255 f. App'x 878 (5th Cir. 2007).

## POINT I: THERE ARE ISSUES OF MATERIAL FACT TO PRECLUDE A FINDING THAT PLAINTIFF ESTABLISHED HER COPYRIGHT INFRINGEMENT CLAIM

To establish a claim of copyright infringement, plaintiff must show two elements,

(1) he or she owns a valid copyright and (2) the defendant copied constituent elements of the plaintiff's work that are original. *Feist Publ'ns, Inc. V. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

## A. PLAINTIFF DOES NOT OWN A VALID COPYRIGHT IN THE PHOTOGRAPH

A certificate of registration from the U.S. Register of Copyrights constitutes *prima facie* evidence of the certificate holder's copyright ownership, as well as the truth of the facts stated in the registration. *Norm Ribbon & Trimming, Inc. V. Little*, 51 F.3d 45, 47 (5th Cir. 1995) (citing 17 U.S.C. § 410(c)). A certificate of copyright registration is prima facie evidence of both valid ownership of copyright and originality. *Scholz Design, Inc. V. Sard Custom Homes, LLC*, 691 F.3d 182, 186 (2d Cir. 2012). To be timely, a certificate of registration must be obtained "before or within five years after the first publication" of a work. *General Universal Sys. V. Lee*, 379 F.3d 131, 141 (5th Cir. 2004).

Plaintiff is in possession for copyright registration no. VA 2-163-245, with an effective date of July 15, 2019 (the "245 Registration"). (Radabaugh Decl. ¶ 16, Plaintiff Memorandum Ex . E) The photograph, bearing the title "8.28.16. The Aiken Train Depot the blue hour after sunset" is on deposit with the Copyright Office as part of the 245 Registration. (Radabaugh Decl. ¶ 17)

Plaintiff cites several cases which held a finding on summary judgment that a sworn declaration to show a photograph was on deposit with the applicable registration certificate is sufficient to establish the validity of Plaintiff's copyright as a matter of law and that absent any contrary evidence, the photographer's sworn declaration the

photograph was on deposit was sufficient for proving validity of a copyright. See, e.g., *Goldman v. Universal Beauty*, 17-cv-1716 (KBF), 2018 WL 1274855, at *5 (S.D.N.Y. March 9, 2018); *Chicoineau v. Bonnier Corp.*, No. 1C3264 (JSR), 2018 WL 6039387, at *2 (S.D.N.Y. Oct. 16, 2018). However, these rulings only go as far as to show that the copyright registration did, in fact, exist as the copyright office and that the party was in possession of the same. They do not purport to rule that the copyright procurement was devoid of fraud, and thus invalid.

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i) and (ii), a party to a case must, without awaiting a discovery request, provide to other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information... and (ii) a copy... of all documents, electronically stored information, and tangible things that the disclosing party has in its possession..."

Defendant concedes that "in the context of photographs, the requisite originality comes from the author's 'personal choice' of subject matter and decisions about factors like lighting and angles." *Wohr v. Texas Media Grp., LLC*, No. 1:19-CV-565-LY, 2019 WL 9465702 (W.D. Tex. Oct 28, 2019). However, Plaintiff has failed to produce any evidence aside from her declaration that she is the originator of the work. In today's technologically advanced world, this is a simple item of evidence to produce and provide and would be easily proven had Plaintiff provided such evidence. As she has not to-date provided any data, files, or negatives of the same, the material issue of originality of the work remains in dispute and is not dispositive of originality, and thus validity of the 245 Registration, and thus, the validity of the copyright may not be upheld. Even absent digital files, which is highly unlikely as the work was placed on a website for supposed

licensing, Plaintiff has failed to produce even negatives of the photograph or any documentation supporting her contract with the purported licensing website.

Plaintiff has failed to show or produce any actual evidence aside from her declaration that the original publication occurred on August 28, 2016 or originality of the work, despite written requests by Defendant of the same and the requirements under Federal Rule of Civil Procedure 26. Plaintiff requested an extension from Defendant to obtain and produce evidence, yet failed to produce anything more than what had initially been filed in the initial pleadings. Upon production of the same documents provided in the initial pleadings, Plaintiff immediately filed her Motion for Partial Summary Judgment. There was no time for Defendant to review the discovery submitted, make further requests of missing information, or file any motions under the Federal Rules of Civil Procedure to compel said discoverable information. Plaintiff simply allowed the discovery period to expire by requesting an extended deadline for producing documents and answers to Defendant's requests and relied on that expiration to file the instant motion under consideration.

Plaintiff relies on the fact Defendant has failed to produce any evidence that Plaintiff defrauded the USCO, however, without production of evidence solely held by Plaintiff, Defendant has had no opportunity to investigate any further than publicly available information through the USCO's website. Defendant does not contradict that there is a registration held by Plaintiff for the photograph, but Defendant does argue that the photographic work is not original and the publication date purported by Plaintiff. Both contentions which could be easily avoided had Plaintiff acted in good faith and provided Defendant with the requested evidence during the discovery period.

It would be against public policy to hold Defendant to an unattainable standard due to the lack of good faith of Plaintiff in the discovery period.

Furthermore, no discovery requests were ever submitted to Defendant by Plaintiff in order for Defendant to produce evidence to Plaintiff that would have perhaps resolved this issue without need of further involvement of this Court. Defendant removed the image from his website by and through Southfire. (Turner Decl. ¶ 23, Ex. A).

### B. DEFENDANT DID NOT COPY THE PHOTOGRAPH COPYRIGHTED BY PLAINTIFF'S 245 REGISTRATION AND PLAINTIFF ISSUED IMPLIED CONSENT OF THE USAGE OF HER PHOTOGRAPH

To establish Defendant copied the photograph, Plaintiff must prove: (1) factual copying and (2) substantial similarity. *Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 576 (5th Cir. 2003). To assess substantial similarity, "a side-by-side comparison must be made between the original and the copy to determine whether a layman would view the two works as substantially similar." *Nola Spice Designs, L.L.C. V. Haydel Enterprises, Inc.*, 783 F.3d 527, 550 (5th Cir. 2015) (internal quotation marks and citations omitted).

Plaintiff has failed to provide Defendant with access to the original photograph, despite requests. As such, Defendant maintains its contention that the photograph utilized on its website is not the same photograph, as there is no evidence before the court that the photograph of a famous landmark is the same photograph covered by Plaintiff's 245 Registration. Plaintiff cites *Otto v. Hearst Commc'ns, Inc.*, 345 F. Supp. 3d 412, 425 (S.D.N.Y. 2018) as support that the second element is satisfied simply because a photograph of the train depot was displayed on Defendant's website.

However, in <u>Otto</u>, as cited by Plaintiff's Memorandum, "the parties [did] not contest the fact that Hearst actually copied Otto's photograph for its use..., nor that the works were substantially similar because they are the same photograph."

Here, Defendant does not contest, as in <u>Otto</u>, that he did not have permission to use Plaintiff's photograph. <u>Id</u>. Defendant had no knowledge the image was not for public use at is a similar or substantially similar image of the train depot that is utilized by many local businesses, entities, and websites. (Turner Decl. ¶ 17). While Plaintiff was not required to advertise her copyright or watermark her image, absent such, Defendant had no knowledge the image was not for public use, in at least as much as it had permeated the public sector. Furthermore, as evidenced by Plaintiff's discovery responses, Plaintiff had no active or past licenses in place at the time of use, therefore, absent some indication to contact her or where the image was obtained, because of the permeation of the same (or substantially similar) images in the online public domain, a reasonable assertion, which should be viewed in the light most favorable to Defendant is that it was an image that held an implied usage agreement.

Defendant, however, does contest the fact that the photograph utilized on its website was the same photograph covered by Plaintiff's 245 Registration. In as much as it was not the same photo, Defendant further argues against substantial similarity in as much as the photograph is of a well-known landmark with images readily available across local business and government websites at various times of the day, etcetera. (Turner Decl. ¶ 15). Without electronic or the original copy available to review and compare, held only in Plaintiff's possession, it is just as difficult for Defendant to defend against as it is for Plaintiff to assert to such a degree as to rise to there being no genuine

issue of material fact.

In sum, there are clearly issues of material fact concerning the validity of Plaintiff's 245 Registration as Plaintiff has failed to act in good faith in providing any evidence of originality beyond what was provided in the initial pleadings to support her assertion that the work was her own original work, its first publication date, and that the photograph utilized by the Defendant is, in fact, the image covered by Plaintiff's 245 Registration or that the image is substantially similar enough to her own that it warrants validation of the 245 Registration to such a degree as to hold Defendant liable for infringing on the copyright in its use.

Furthermore, as these genuine issues of material fact still exist and Plaintiff has failed to establish the validity of her copyright in the actual photograph utilized by Defendant as a matter of law, Defendant's following affirmative defenses should be allowed to maintain and not be summarily dismissed: failure to comply with copyright requirements (4th); no ownership of copyright as it pertains to the photograph utilized by Defendant (5th); abandonment of copyright (16tho; and lack of standing (19th).

## POINT II: THE FAIR USE DEFENSE IS APPLICABLE AS A MATTER OF LAW

While Defendant maintains all prior assertions and contentions, should the Court find Plaintiff's copyright was, in fact valid, and that Defendant infringed upon that copyright, Defendant maintains its assertion of the affirmative defense of fair use under 17 U.S.C. § 107.

As an affirmative defense, fair use "presumes that unauthorized copying has occurred, and is instead aimed at whether defendant's use was fair." *Monge v. Maya*

*Magazine, Inc.*, 688 F.3d 1164, 1170 (9th Cir. 2012). A court "may conclude as a matter of law that the challenged use does not qualify as a fair use of the copyrighted work." *Harper & Row v. Nation Enterprises*, 471 U.S. 539, 560 (1985). Thus, the Court may grant summary judgment dismissing the fair use defense. See, e.g., *Stewart v. Abend*, 495 U.S. 207 (1990).

Section 107 of the Copyright Act sets out four non-exclusive factors to consider in determining whether a defendant's use of a copyrighted work is a fair use. These are "(1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work." 17 U.S.C. § 107.

Defendant concedes that the purpose of the use of the photograph on its website was by a commercial entity and to depict Aiken, South Carolina and that the work was creative in nature by whomever the original photographer was. (Turner Decl. ¶ 18).

Defendant contends, however, that the full scale and color of the work was not used. To Defendant's understanding, the image was modified, at least to some degree, from its original version to place it on Defendant's website. (Turner Decl. ¶ 16). Plaintiff makes this assertion without having consulted with Defendant or the third party website creator, SouthFire Web Solutions, and presents no evidence of the same absent its own assertion in its memorandum.

Defendant further argues that its use of the image on its website had little to no effect upon the use in the potential market for or value of the work. While Plaintiff may

assert she placed the photograph on a website for licensing, Plaintiff stated in her document production answers that she was not in possession of any contracts with the website with which she registered and no documentation of any current or previous licenses. (Exhibit B, No. 16, 19). Furthermore, Plaintiff's responses indicated she was in possession of no documents which would document any current or previous licensing fees for the photograph. (Exhibit B, No. 16, 19).

Plaintiff placed an image on the online public domain of a famous landmark which has similar or substantially similar likenesses readily available on various business and government websites including banks, law offices, government websites, etcetera, depicting the train depot in Aiken, South Carolina. (Turner Decl. 21). While her image may have been unique to her, it was certainly not a unique image and she has failed to meet the burden to show that the image Defendant used was in fact her image as there a multitude of images not created by her that could be determined to be the image Defendant used. Because she entered an image into an online public domain among countless others of the same, held no (or at least has provided no evidence of holding) any past or active licenses for the image at issue, the market while existing, was not effected by Defendant's use of any image of the train depot, whether hers, another's, or his own.

As the four factors of the fair use defense are non-exclusive and material issues of fact and question remain as to the fourth factor, Defendant's utilization of the Fair Use Doctrine as an affirmative defense should not be summarily dismissed and should be maintained up and until trial such that proper evidence may be presented and reviewed by the trier of fact. Because the affirmative defense of fair use should not be summarily

dismissed, nor should Defendant's third affirmative defense of protection under the First Amendment. While Fair Use may "contain built in First Amendment accommodations" Defendant maintains that it is a separate defense from Fair Use, especially if Fair Use itself is being considered for summary judgment dismissal. See, e.g., *Eldred v. Ashcroft*, 537 U.S. 186, 190 (2003).

## POINT III: DEFENDANTS REMAINING DEFENSES TO LIABILITY SHOULD BE RESERVED FOR TRIAL

Defendant's remaining defenses should not be summarily dismissed and should be preserved for trial for a review of the evidence. Many of Defendant's defenses are reliant upon Plaintiff's good faith compliance in discovery and evidence production, which as previously established, was lacking throughout the discovery period. Defendant should not be held liable or have its defenses against Plaintiff's assertions dismissed simply because Plaintiff failed to produce any evidence which would have been exculpatory of Defendant and detrimental to Plaintiff's claims simply because Plaintiff was the only one with possession of the knowledge including who to contact in regards to the use of the image, if anyone, when Plaintiff discovered the alleged infringement, or how to obtain licensing.

Plaintiff could have resolved the matter by simply contacting Defendant via the contact information prominently located throughout the website and requested Defendant pay for its use of the image. As admitted by Plaintiff in her memorandum, no such contact was made. In fact, the first notice Defendant received that the use of the image on its website may have infringed upon a copyright registration was via the

service of the lawsuit. Defendant has since removed the image. To date, no contract for licensing has been offered or even presented as evidence to Defendant such that an argument for dismissing Defendant's affirmative defenses may be supported. Furthermore, due to Plaintiff's lack of good faith during the discovery period, it would be against public policy to do the same.

## CONCLUSION

For the foregoing reasons, Defendant Clay Turner Realty Group, LLC respectfully submits that Plaintfiff Shirley Radabaugh's Motion for Partial Summary Judgment on liability against Defendant Clay Turner Realty Group, LLC should be DENIED.

This 11th day of January, 2021.

Respectfully submitted,

/s/ Kristen T. Jones
Kristen T. Jones
Attorney for Clay Turner Realty Group, LLC
GA BAR NO. 632847

**TURNER JONES LEGAL, LLC**
Post Office Box 1703
Lincolnton, Georgia 30817
(706) 359-3332

## CERTIFICATE OF SERVICE

This is to certify that I have served upon parties and opposing counsel a copy of **Memorandum of Law in Support of Defendant's Objection to Plaintiff's Motion for Summary Judgment** as follows:

Richard P. Liebowitz
Attorney for Plaintiff
[via CM/ECF Electronic Delivery]
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580

Dorsey R. Carson, Jr.
Attorney for Plaintiff
[via CM/ECF Electronic Delivery]
2870 Peachtree Road, NW
#915-3234
Atlanta, Georgia 30305

By statutory electronic service or by placing same in the United States mail with adequate postage thereon to assure proper delivery.

This 9th day of January, 2021.

/s/ Kristen T. Jones
Kristen T. Jones
Attorney for Clay Turner Realty Group, LLC
GA Bar No. 632847

Turner Jones Legal, LLC
Post Office Box 1703
Lincolnton, Georgia 30817
(706) 359-3332