

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

SHIRLEY RADABAUGH,

        Plaintiff

– against –

CLAY TURNER REALTY GROUP, LLC,

        Defendant

Case No 1:20-CV-00058-JRH-BKE

### PLAINTIFF SHIRLEY RADABAUGH'S RESPONSES TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Shirley Radabaugh ("Plaintiff"), by her counsel, Liebowitz Law Firm, PLLC, responds as follows to Clay Turner Realty Group, LLC's Set of Requests for the Production of Documents (the "Requests," and each individually, a "Request"):

### GENERAL OBJECTIONS

The following general objections ("General Objections") are incorporated in full into each response as if fully set forth therein, and all responses are subject to these general objections.

1. Plaintiff objects to the Definitions set forth in the Requests to the extent they seek to impose greater burdens on Plaintiff than are required by the Federal Rules of Civil Procedure.

2. Plaintiff objects to the Definitions set forth in the Requests to the extent they seek to impose greater burdens on Plaintiff than would the definitions for such terms

contained in the Local Rules of the U.S. District Court for the Southern District of Georgia. With respect to the terms "person," "SDI," "Defendant," "communication," "document(s)," "concerning," and "any," Plaintiff responds as if the Request relies only on the definition set forth in the Local Rules. With respect to the term "records," Plaintiff responds as if the term were coextensive with the term "documents." With respect to the term "relating to," Plaintiff responds as if the term were coextensive with the term "concerning."

3. Plaintiff objects to the definition of the term "produce" to the extent it requires Plaintiff to "separate such documents into categories set forth in this request." The definition is vague as the categories of "this request" are not apparent.

4. Plaintiff objects to the instructions to the extent that they purport to require Plaintiff to seek or obtain documents that are not in her possession, custody, or control.

5. Plaintiff objects to each Request to the extent it calls for documents subject to the attorney-client, work product, or other privilege. Plaintiff will list such documents dated prior to the filing of this action on a privilege log but will not produce them. Plaintiff will not identify later documents as such identification would be invasive of attorney-work product

6. Plaintiff objects to the instructions to the extent that, with respect to asserting the attorney-client privilege or work-product doctrine and producing information regarding such documents, they purport to impose burdens beyond those set forth in Local Civil Rules.

7. Plaintiff objects to each Request insofar as it is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

8. Plaintiff objects to each Request to the extent it seeks information and documents that are confidential, sensitive or trade secret. To the extent Plaintiff is required to produce any such information and/or documents, it shall do so pursuant to a protective order negotiated between the parties in this proceeding.

9. Plaintiff objects to each Request that seeks the disclosure of "all" documents of a specific nature or type as posing a burden upon Plaintiff disproportionate to the needs of the case because a limited number of documents will sufficiently provide the necessary information.

10. Plaintiff objects to every Request to the extent it is not limited as to time.

11. Plaintiff objects to every request that seeks documents prior to one year before the infringement.

12. Plaintiff objects to every Request that seeks documents that are already in Defendant's custody, possession, or control, readily available to Defendant, or attainable by Defendant from public sources.

13. Plaintiff objects to the Requests insofar as they seek documents unrelated to the claims and defenses asserted in this proceeding.

14. Where Plaintiff has objected on the grounds of any of these general

objections ("General Objections") or any specific objection ("Specific Objections"), it nevertheless may produce responsive documents that it considers to be sufficient for the purposes of the proceeding with respect to the subject of the Request. The fact that Plaintiff will produce such documents is not a waiver of its objections.

15. Plaintiff's responses and objections are without prejudice to, and Plaintiff does not waive any evidentiary objections relating to any Request or the response to the Request.

16. Plaintiff has not concluded its investigation of the facts relating to this case and has not completed formal discovery or preparation for trial. Accordingly, there may exist documents responsive to the Requests that Plaintiff does not yet have knowledge of or has not yet located, identified, or reviewed. All of the following responses are therefore based on such documents currently known or available to Plaintiff after a reasonable inquiry. Plaintiff reserves the right to alter, amend, or supplement its responses at any time.

17. Nothing contained in any response to any Request shall be construed as an admission by Plaintiff relative to the existence or non-existence of any documents or information, and no such response shall be construed as an admission respecting the relevance or admissibility of any document or information, or the truth or accuracy of any statement or characterization contained in any Request.

## SPECIFIC RESPONSES AND OBJECTIONS

<u>Document Request No. 1:</u> *Produce working papers, notes, calculations, diagrams, photographs, models, exhibits, and other documents including reports and factual observations, prepared or reviewed by any expert who will testify at trial.*

<u>Response to Document Request No. 1</u>: Plaintiff does not have any documents in her possession responsive to Request No. 1.

<u>Document Request No. 2</u>: *Produce copies of all transcripts of testimony previously provided by any individual listed by Plaintiff as expert witness.*

<u>Response to Document Request No. 2</u>: Plaintiff does not have any documents in her possession responsive to Request No. 2.

<u>Document Request No. 3</u>: *Produce treatises, rules, regulations, guidelines, statutes, policies, procedures, and any other authoritative materials considered in forming an opinion by any expert who will testify at trial.*

<u>Response to Document Request No. 3</u>: Plaintiff does not have any documents in her possession responsive to Request No. 3.

<u>Document Request No. 4</u>: *Produce invoices, bills, and other billing materials for each expert Plaintiff expects to testify at trial.*

<u>Response to Document Request No. 4</u>: Plaintiff does not have any documents in her possession responsive to Request No. 4.

<u>Document Request No. 5</u>: *Produce all photographs, videotapes, and drawings that pertain in any way to the subject matter of this suit.*

<u>Response to Document Request No. 5</u>: Subject to the foregoing General Objections, Plaintiff shall produce all documents in her possession responsive to Request No. 5.

<u>Document Request No. 6</u> *Produce copies of complaints or petitions in any action filed by or against Plaintiff in which the allegations are similar to those of this suit.*

<u>Response to Document Request No. 6</u>: Plaintiff objects to Request No. 6 on grounds that it is overly broad. Plaintiff further objects on grounds that Request No. 6 seeks information that is disproportionate to the needs of the case, immaterial to any claim or defense in this action and not calculated to lead to the discovery of admissible evidence at trial. Accordingly, no further response is required.

<u>Document Request No. 7:</u> *Produce copies of any claim made by or against Plaintiff for damages similar to those alleged in this suit.*

**Response to Document Request No. 7**: Plaintiff objects to Request No. 7 on grounds that it is overly broad. Plaintiff further objects on grounds that Request No. 7 seeks information that is disproportionate to the needs of the case, immaterial to any claim or defense in this action and not calculated to lead to the discovery of admissible evidence at trial. Accordingly, no further response is required.

**Document Request No. 8:** *Produce all oral or written statements made by Plaintiff or her representatives concerning this suit.*

**Response to Document Request No. 8:** Plaintiff objects to Request No. 8 on grounds that such communications are protected by the attorney-client privilege and/or work product doctrine. Plaintiff further objects on grounds that Request No. 8 seeks information that is disproportionate to the needs of the case, immaterial to any claim or defense in this action and not calculated to lead to the discovery of admissible evidence at trial. Accordingly, no further response is required.

**Document Request No. 9:** *Produce settlement agreements Plaintiff has entered into with any party or nonparty as a result of, or relating to, this suit.*

**Response to Document Request No. 9**: Plaintiff objects to Request No. 9 on grounds that it is overly broad. Plaintiff further objects on grounds that Request No. 9 seeks information that is disproportionate to the needs of the case, immaterial to any claim or defense in this action and not calculated to lead to the discovery of admissible evidence at trial. Accordingly, no further response is required.

**Document Request No. 10:** *Produce a copy of the photograph the Plaintiff claims is protected by the Copyright Act. Should the photograph claiming protection by the Copyright Act be a color photograph, produce a color copy of that photograph. If the photograph was digitally created or stored, produce any file containing the original file and any subsequent alterations to the original photograph.*

**Response to Document Request No. 10:** Subject to the foregoing General Objections, Plaintiff shall produce all documents in her possession responsive to Request No. 10.

**Document Request No. 11:** *Produce a copy of the website that Plaintiff claims infringes on the alleged protected work.*

**Response to Document Request No. 11:** Subject to the foregoing General Objections, Plaintiff shall produce all documents in her possession responsive to Request No. 11.

**Document Request No. 12:** *Produce copies of all documents showing that the photograph is protected by the Copyright Act.*

**Response to Document Request No. 12:** Subject to the foregoing General Objections, Plaintiff shall produce all documents in her possession responsive to Request No. 12.

<u>Document Request No. 13:</u> *Produce copies of all documents that show Defendant made commercial use of the photograph alleged to be infringing.*

<u>**Response to Document Request No. 13:**</u> Subject to the foregoing General Objections, Plaintiff shall produce all documents in her possession responsive to Request No. 13.

<u>Document Request No. 14</u>: *Produce a copy of each registration of the photograph Plaintiff claims is copyrighted.*

<u>**Response to Document Request No.14:**</u> Plaintiff objects to Request No. 14 on grounds that any responsive documents consist of publicly available information and are therefore equally accessible to Defendant. Plaintiff further objects to Request No. 14 to the extent it asks Plaintiff to incur additional fees by requesting deposit copies from the Copyright Office and given that Defendant has equal access to the Copyright Office's records. Subject to the foregoing General and Specific Objections, Plaintiff shall produce all documents in her possession responsive to Request No. 14.

<u>Document Request No. 15:</u> *Produce all work papers from which the photograph Plaintiff claims is copyrighted was created, studied, prepared, or altered.*

<u>**Response to Document Request No. 15:**</u> Subject to the foregoing General Objections, Plaintiff shall produce all documents in her possession responsive to Request No. 15.

<u>Document Request No. 16:</u> *Produce all marketing or advertising materials, including brochures and catalogues, for the photograph Plaintiff claims is copyrighted.*

<u>**Response to Document Request No. 16:**</u> Plaintiff does not have any documents in her possession responsive to Request No. 16.

<u>Document Request No. 17:</u> *Produce all documents, papers, and materials relating to copyright litigation or the potential for copyright litigation.*

<u>**Response to Document Request No. 17:**</u> Plaintiff objects to Request No. 17 on grounds that such communications are protected by the attorney-client privilege and/or work product doctrine. Plaintiff further objects on grounds that Request No. 17 seeks information that is disproportionate to the needs of the case, immaterial to any claim or defense in this action and not calculated to lead to the discovery of admissible evidence at trial. Accordingly, no further response is required.

<u>Document Request No. 18:</u> *Produce all documents demonstrating that Plaintiff renewed her copyright for the photograph.*

<u>**Response to Document Request No. 18:**</u> Plaintiff objects to Request No. 18 on grounds that any responsive documents consist of publicly available information and are therefore equally accessible to Defendant. Plaintiff further objects to Request No. 18 to the extent it asks Plaintiff

to incur additional fees by requesting deposit copies from the Copyright Office and given that Defendant has equal access to the Copyright Office's records. Subject to the foregoing General and Specific Objections, Plaintiff does not have any documents responsive to Request No. 18.

<u>Document Request No. 19</u>: *Produce copies of all documents showing any license(s) currently existing or that has existed in the past for any photograph Plaintiff claims is copyrighted, including but not limited to: contracts, invoices, receipts, cost or fee schedules.*

<u>Response to Document Request No. 19:</u> Plaintiff does not have any documents in her possession responsive to Request No. 19.

<u>Document Request No. 20:</u> *Produce copies of all documents showing any license(s) currently existing or that has existed in the past for any photograph that is simultaneously listed with any copyright registration, should one exist, as the photograph Plaintiff claims is copyrighted, including but not limited to: contracts, invoices, receipts, cost or fee schedules.*

<u>Response to Document Request No. 20:</u> Plaintiff does not have any documents in her possession responsive to Request No. 20.

Dated: October 28, 2020

LIEBOWITZ LAW FIRM, PLLC

By: /s/richardpliebowitz
Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
rl@LiebowitzLawFirm.com

*Attorney for Plaintiff*
*Shirley Radabaugh*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that a true and correct copy of the foregoing PLAINTIFF SHIRLEY RADABAUGH'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS has been served via e-mail on October 28, 2020 to counsel listed below.

Kristen T. Jones
Turner Jones Legal, LLC
Post Office Box 1703
Lincolnton, Georgia 30817
(706) 359-3332
turnerjoneslegal@gmail.com

*Attorneys for Defendant*

                              By: /richardpliebowitz/
                              Richard P. Liebowitz, Esq.
                              Liebowitz Law Firm PLLC
                              rl@liebowitzlawfirm.com