IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| SHIRLEY RADABUAGH )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>)<br>CLAY TURNER REALTY GROUP )<br>)<br>Defendant. ) | 1:20-cv-00058-JRH-BKE |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON LIABILITY
AGAINST DEFENDANT FOR COPYRIGHT INFRINGEMENT**

Plaintiff Shirley Radabaugh ("Plaintiff" or "Radabaugh"), via counsel, respectfully submits this reply memorandum of law in further support of her motion for partial summary judgment pursuant to Rule 56(a) of the Federal Rules of Civil Procedure in Plaintiff's favor on the issue of liability for copyright infringement (Count I of the Complaint) against Defendant Clay Turner Realty Group LLC ("Defendant" or "Clay Turner") and for the summary dismissal as a matter of law of Defendant's affirmative defenses to liability; and for such further relief as this Court deems just and proper.

**PRELIMINARY STATEMENT**

Defendant's opposition to summary judgment is largely based on speculation or the *absence* of evidence. Defendant claims, for example, that Defendant failed to produce documentary evidence to prove that she owns the copyright to her own Photograph. However, Plaintiff is entitled to prove such fact based on a sworn declaration, given that she has personal first-hand knowledge of the creation and ownership of the Photograph. Having presented such

1

evidence, it is Defendant's obligation on summary judgment to come forth with evidence to rebut the Plaintiff's evidence. But Defendant has failed to do so and, thus, its opposition is based on undue speculation that Plaintiff did not take the Photograph that she swears she created. *See Cifarelli v. Vill. of Babylon,* 93 F.3d 47, 51 (2d Cir.1996) (holding that "mere conclusory allegations, speculation or conjecture" will not provide a sufficient basis for a non-moving party to resist summary judgment).

Furthermore, Defendant argues that the originality of the Photograph is "in dispute." But whether a Photograph is sufficiently original to warrant copyright protection is a question of law to be determined by the Court through an objective lens, not a question of fact.

Defendant also claims that Plaintiff has failed to produce "documentation supporting her contract with the purported licensing website." But once again, it is Defendant's burden to refute Plaintiff's testimonial evidence with hard evidence.

Defendant questions the date of first publication of the Photograph. However, Defendant has presented no hard evidence to refute Plaintiff's claim regarding first date of publication, which is clearly stated on the face of the applicable registration certificate. Defendant had the opportunity to depose Plaintiff during discovery, but failed to do so.

The claim that the Photograph which Defendant used on its website is not Plaintiff's Photograph is equally unavailing. A side-by-side comparison demonstrates that they are the identical photograph, particularly when viewing the lighting or cloud formations. No special technology or expert witness is required to make such an assessment.

In sum, Defendant has failed to make any cognizable arguments, or present any evidence of any kind, which would warrant denial of Plaintiff's motion for partial summary judgment.

**ARGUMENT**

I.  **DEFENDANT HAS FAILED TO PRODUCE ANY EVIDENCE TO REBUT THE VALIDITY OF PLAINTIFF'S COPYRIGHT**

A.  **PLAINTIFF OWNS A VALID COPYRIGHT IN THE PHOTOGRAPH**

Defendant argues that Plaintiff has failed to prove ownership of the copyright to her Photograph. However, Defendant has failed to produce any evidence to rebut the validity of the copyright. A certificate of copyright registration is *prima facie* evidence of both valid ownership of copyright <u>and</u> originality. *Scholz Design, Inc. v. Sard Custom Homes, LLC*, 691 F.3d 182, 186 (2d Cir. 2012). To be timely, a certificate of registration must be obtained "before or within five years after first publication" of a work. *General Universal Sys. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004). Thus, "[p]ossession of a registration certificate creates a rebuttable presumption that the work in question is copyrightable." *Whimsicality, Inc. v. Rubie's Costume Co. Inc.*, 891 F.2d 452, 455 (2d Cir. 1989). A party's "proffer of its certificate of copyright registration thus shifts to [the opposing party] the burden of proving the invalidity of the copyright." *Fonar Corp. v. Domenick*, 105 F.3d 99, 104 (2d Cir.), *cert. denied*, 522 U.S. 908 (1997).

Here, Plaintiff is in possession of a certificate for copyright registration no. VA 2-163-245, with effective date of July 15, 2019 (the "245 Registration"). [Radabaugh Decl. ¶ 16, Ex .E] The Photograph, bearing title "8.28.16.The Aiken Train Depot the blue hour after sunset" is on deposit with the Copyright Office as part of the 245 Registration. [Radabaugh Decl. ¶ 17]

Defendant concedes that such evidence is sufficient to establish the validity of Plaintiff's copyright as a matter of law. *See, e.g., Goodman v. Universal Beauty*, 17-cv-1716 (KBF), 2018 WL 1274855, at *5 (S.D.N.Y. March 9, 2018) (finding on summary judgment that a sworn declaration was sufficient to show that photograph was on deposit with the applicable registration

certificate); *Chicoineau v. Bonnier Corp.*, No. 18-CV-3264 (JSR), 2018 WL 6039387, at *2 (S.D.N.Y. Oct. 16, 2018) (finding photographer's sworn declaration that photograph was on deposit to be sufficient in the absence of any contrary evidence).

Plaintiff obtained the 245 Registration on July 15, 2019, within five years after first publication of the Photograph on August 28, 2016. [Radabaugh Decl. ¶ 18] Accordingly, the 245 Registration serves as *prima facie* evidence of Plaintiff's valid copyright ownership in the Photograph. *Norma Ribbon & Trimming, Inc.,* 51 F.3d at 47.

Therefore, the burden shifts to Defendant to rebut the validity of Plaintiff's copyright. *Fonar Corp.*, 105 F.3d at 104. Defendant has failed to produce any evidence that Plaintiff or her counsel defrauded the USCO upon obtaining the 245 Registration. Instead, Defendant appears to blame Plaintiff for not producing evidence to rebut the validity of her own copyright. But it is Defendant's obligation to prove fraud on the Copyright Office in order to rebut the validity of the registration. *Fonar Corp.*, 105 F.3d at 104. Accordingly, having failed to produce any evidence to challenge the validity of the copyright, there is no issue of material fact concerning the validity of the 245 Registration.

**B. PLAINTIFF'S PHOTOGRAPH IS SUBJECT TO COPYRIGHT PROTECTION**

Defendant also contends that there are issues of fact concerning the originality of the Photograph, i.e., whether the Photograph warrants copyright protection.

"Protection under the copyright statute extends to pictorial works[.]" *Rogers v. Koons*, 960 F.2d 301, 306 (2d Cir. 1992) (*citing* 17 U.S.C. § 102(a)(5)). "Even the slightest artistic touch will meet the originality test for a photograph." *Ets–Hokin v. Skyy Spirits, Inc.*, 225 F.3d 1068, 1074-76 (9th Cir. 2000); *see also Jewelers' Circular Pub. Co. v. Keystone Pub. Co.*, 274 F. 932, 934 (S.D.N.Y. 1921) (Judge Learned Hand) ("no photograph, however simple, can be unaffected by

4

the personal influence of the author."). "Elements of originality in a photograph may include posing the subjects, lighting, angle, selection of film and camera, evoking the desired expression, and almost any other variant involved." *Rogers*, 960 F.2d at 307 (citations omitted); *see also Kisch v. Ammirati & Puris Inc.*, 657 F.Supp. 380, 382 (S.D.N.Y. 1987) (originality expressed through "the photographer's selection of lighting, shading, positioning and timing.")

Here, Plaintiff swears that she exercised a personal and creative choice in the selection of the subject matter; choice of timing, angle, perspective, depth and filters. [Radabaugh, 5][1] There can be no serious dispute that the Photograph is original, which the Court may decide as a matter of law. *See Chicoineau,* 2018 WL 6039387, at *2 (determining as a matter of law that a tourist's photograph of the Eiffel Tower in Paris is sufficiently original to warrant copyright protection).

C.  **DEFENDANT COPIED THE PHOTOGRAPH, AS EVIDENCED BY THE STRIKING SIMILARITY BETWEEN THE PHOTOGRAPHS**

Defendant argues that Plaintiff has failed to establish actual copying on the basis that Plaintiff's Photograph is not the same as the Photograph used on Defendant's website.

Copying can be proven in several ways, including through indirect proof establishing that the defendant had "access to the copyrighted work and that the similarities between the works are probative of copying." *Procter & Gamble Co. v. Colgate-Palmolive Co.*, 199 F.3d 74, 77 (2d Cir. 1999). However, "[i]f the two works are so strikingly similar as to preclude the possibility of independent creation, 'copying' may be proved without a showing of access." *Lipton*, 71 F.3d at 471 (granting summary judgment on infringement liability where works at issue were virtually

---

[1] *See Morris v. Guetta*, 2013 WL 440127, *3 (CD. Cal. Feb. 4, 2013) ("almost any[ ] photograph may claim the necessary originality to support a copyright merely by virtue of the photographers' personal choice of subject matter, angle of photograph, lighting, and determination of the precise time when the photograph is to be taken") (*citing* 1 Melvin B. Nimmer & David Nimmer, NIMMER ON COPYRIGHT § 2.08[E][1], at 2–130 (1999)).

5

identical). "Striking similarity exists when two works are so nearly alike that the only reasonable explanation for such a great degree of similarity is that the later was copied from the first." *Gal v. Viacom Intern., Inc.*, 518 F.Supp.2d 526, 537 (S.D.N.Y. 2007); *see also U.S. Media Corp., Inc. v. Edde Entertainment, Inc.*, No. 94-cv-4849 (MBM), 1996 WL 520901, * 3 (S.D.N.Y. Sept. 12, 1996) (finding striking similarity where "there is no real question that the films owned by the plaintiff and those distributed by the defendants are essentially identical"). "The court's task is to apply logic and experience to determine if copying is the only realistic basis for the similarities at hand." *Id.*; *see also* NIMMER ON COPYRIGHT §13.02[B] (2015) ("At base, 'striking similarity' simply means that, in human experience, it is virtually impossible that the two works could have been independently created.")

Here, direct side-by-side comparisons between the original Photograph and the image used by Defendant on its website demonstrates that they are <u>virtually identical</u>. The Court may decide this question as a matter of law. *Lipton*, 71 F.3d at 471.



| **Plaintiff's Photograph** | **Defendant's Infringing Use** |
|---|---|

6

Furthermore, because Plaintiff has established the validity of her copyright in the Photograph as a matter of law, the following affirmative defenses should be summarily dismissed: failure to comply with copyright requirements (4th), no ownership of copyright (5th); forfeiture of copyright (15th); abandonment of copyright (16th); and lack of standing (19th).

## II.   THE COURT SHOULD DISMISS THE FAIR USE DEFENSE

Defendant has asserted the affirmative defense in this action: fair use under 17 U.S.C. § 107 (2d affirmative defense).  Defendant argues that because the Aiken train station is a "famous landmark," the Photograph is not unique or is otherwise lacking in in originality.  This determination is immaterial to fair use. Whether or not the Plaintiff's image is sufficiently original to warrant copyright protection is a question of copyright ownership, not fair use.

Defendant has the burden of proving fair use, but it has failed to show Defendants' secondary use was transformative in any way.  Rather, Defendant's use of the Photograph merely shows what it depicts. See *Psihoyos v. Nat'l Exam'r*, No. 97 CIV. 7624 (JSM), 1998 WL 336655, at *3 (S.D.N.Y. June 22, 1998) (where photograph of an art car was republished in a news article, publisher's "use is not transformative, because its piece uses the photo to show what it depicts.").

Indeed, Defendant used the Photograph for the same purpose for which it was created—namely to depict Aiken, South Carolina. [Radabaugh Decl. ¶ 12] Defendant's use was also commercial because it used the Photograph to promote and market the sale of real estate in Aiken, South Carolina.  [Radabaugh Decl. ¶ 13, Ex. D]   Accordingly, the first factor weighs against fair use.

The second and third factors also weigh against fair use because the Photograph is creative in nature and because Defendant used the entire full color, full-scale image.

Finally, with respect to the fourth factor, Defendant's secondary use impairs the actual market for the Photograph because there was a fully functioning market for the Photograph as it was available for license. [Radabaugh Decl. ¶ 7] *See Associated Press*, 931 F.Supp.2d at 559 ("Where there is a fully functioning market for the infringer's use of the copyrighted material, it will be difficult for the infringing party to show that it made fair use without paying a licensing fee") (citing *Harper & Row*, 471 U.S. at 566 n. 9).

Defendant argues that Plaintiff has failed to produce evidence of a license. But Plaintiff swears under oath that she made the Photograph available for commercial licensing through the website Fine Art America. [Radabaugh ¶ 7] Defendant has failed to produce any evidence to contradict this testimony.

Accordingly, because all four factors weigh against fair use, this defense should be dismissed, along with the third affirmative defense of First Amendment which is duplicative. *See, e.g., Eldred v. Ashcroft*, 537 U.S. 186, 190 (2003) (holding that the codified fair use doctrine under section 107 "contains built in First Amendment accommodations.").

### III. DEFENDANT'S REMAINING DEFENSES TO LIABILITY SHOULD BE DISMISSED

Defendant also asserts a laundry list of boilerplate defenses to liability, which are failure to state a claim (1st), laches (8th), waiver (9th), statute of limitations (10th), estoppel (11th); unclean hands (12th).

Defendant has failed to produce any evidence to support these defenses. Moreover, prior to Defendant's publication of the Photograph, there was no communication between Plaintiff and Defendant. [Radabaugh Decl. ¶ 14]  Prior to the Plaintiff's filing of this lawsuit, there was no communication between Plaintiff and Defendant. [Radabaugh Decl. ¶ 15] Accordingly, waiver, estoppel and unclean hands must be dismissed. Defendant has also failed to produce evidence that

the suit was filed three years beyond Plaintiff's discovery of the alleged infringement. Thus, statute of limitations and laches must be dismissed.

## CONCLUSION

For the foregoing reasons, and those set forth in Plaintiff's principal brief, Plaintiff Shirley Radabaugh respectfully submits that her motion for partial summary judgment on liability against Defendant Clay Turner for copyright infringement should be granted.

Respectfully submitted,

CARSON LAW GROUP, PLLC

*/s/Dorsey R. Carson, Jr.*
Dorsey R. Carson, Jr. (GA Bar No. 940300)
2870 Peachtree Road, NW
#915-3234
Atlanta, GA 30305
Telephone:  601-351-9831
Facsimile: b601-510-9056
Email: dcarson@thecarsonlawgroup.com


LIEBOWITZ LAW FIRM, PLLC

*/s/Richard Liebowitz*
Richard Liebowitz, Esq. (Admitted PHV)
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580
Telephone:  (516) 233-1660
Email:  rl@liebowitzlawfirm.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Plaintiff's motion for partial summary judgment, and all supporting papers submitted in connection therewith, was served on January 25, 2021 via CM/ECF on all counsel of record as follows:

>Kristen Turner Jones, Esq.
>Turner Jones Legal, LLC
>Post Office Box 1703
>Lincoln, GA 30817-8703
>Email: turnerjoneslegal@gmail.com
>
>*Counsel for Defendant*

This the 25th day of January 2021.

>>*/s/Dorsey R. Carson, Jr.*
>>OF COUNSEL