```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                  SOUTHERN DISTRICT OF GEORGIA
                         AUGUSTA DIVISION
```

| | | |
|---|---|---|
| SHIRLEY RADABAUGH, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 120-058 |
| | * | |
| CLAY TURNER REALTY GROUP, LLC, | * | |
| | * | |
| Defendant. | * | |

O R D E R

Before the Court is Plaintiff Shirley Radabaugh's motion for partial summary judgment. (Doc. 20.) The Clerk has given Defendant notice of the summary judgment motion and the summary judgment rules, of the right to file affidavits or other materials in opposition, and the consequences of default. Therefore, the notice requirements of Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985) (per curiam), have been satisfied. The motion has been fully briefed and is ripe for decision. For the following reasons, the motion is granted.

### I. BACKGROUND

Plaintiff is a professional photographer who licenses her photographs in exchange for a fee. (Radabaugh Decl., Doc. 20-1, ¶ 3.) On or about August 28, 2016, Plaintiff took a photograph of

the Aiken train depot in Aiken, South Carolina (the "Depot Photograph"). (Id. ¶ 4.; Depot Photograph, Doc. 20-2.) She took the photograph with the intention of making it available for licensing and did so through a photograph licensing website. (Radabaugh Decl. ¶¶ 6-7.) Plaintiff obtained a registration certificate for the Depot Photograph with an effective date of July 15, 2019. (Id. ¶ 16; 245 Registration, Doc. 20-6.) That date is within five years of the first publication of the photograph. (Radabaugh Decl. ¶ 18.)

Defendant Clay Turner Realty Group, LLC ("Clay Turner") is a real estate agency that operates in Georgia and South Carolina. (Turner Decl., Doc. 28-2, ¶ 6.) Defendant engaged a web design company to build a website for its business. (Id. ¶ 8.) Defendant published the Depot Photograph on its website[1] to promote real estate in Aiken without purchasing a license or obtaining Plaintiff's permission to use the Depot Photograph. (Radabaugh Decl. ¶¶ 10-11; Website Screenshots, Doc. 20-4.) In fact, Plaintiff and Defendant had no communication prior to the filing of this lawsuit. (Radabaugh Decl. ¶ 15; Turner Decl. ¶ 20.) It is clear that the photograph used on Defendant's website is Plaintiff's photograph based on the angle of the photograph, cloud

---

[1] Defendant was under the impression that the web design company would only use images that did not require a license or if a license was required, that the design company would handle the licensing process. (Turner Decl. ¶ 11.)

2

formations visible in the sky, and rays of light emanating from the Depot's lamps; the two are all but indistinguishable.[2]

Plaintiff filed suit under 17 U.S.C. §§ 106 & 501 for copyright infringement. (Compl., Doc. 1, ¶¶ 12-18.) She seeks damages, either for her actual losses and Defendant's gains attributable to use of the Depot Photograph or statutory damages up to $150,000 under 17 U.S.C. § 504. (Id. at 4.) Plaintiff moves for partial summary judgment as to liability.

## II.   JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. § 1338(a), which vests district courts with jurisdiction to decide civil actions arising from copyright laws. Defendant is organized under the laws of Georgia and its principal place of business is in Lincolnton, Georgia. Therefore, this is the proper venue under 28 U.S.C. § 1391(b).

---

[2] If any difference is noticeable, it is a slight one in the overall brightness of the photographs. However, it is impossible to tell if there was an intentional modification made or if such a difference is some artifact imparted by the downloading and uploading process in retrieving the photographs and filing them on the docket.

3

### III. LEGAL STANDARD

Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Facts are "material" if they could "affect the outcome of the suit under the governing [substantive] law," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), and a dispute is genuine "if the non[-]moving party has produced evidence such that a reasonable factfinder could return a verdict in its favor." Waddell v. Valley Forge Dental Assocs., Inc., 276 F.3d 1275, 1279 (11th Cir. 2001). The Court must view factual disputes in the light most favorable to the non-moving party, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), and must "draw all justifiable inferences in [the non-moving party's] favor." United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc) (citation, internal quotation marks, and internal punctuation omitted). The Court should not weigh the evidence or determine credibility. Anderson, 477 U.S. at 255.

"When the *moving* party has the burden of proof at trial, that party must show *affirmatively* the absence of a genuine issue of material fact: it must support its motion with credible evidence . . . that would entitle it to a directed verdict if not controverted at trial." Preis v. Lexington Ins. Co., 508 F. Supp. 2d 1061, 1067 (S.D. Ala. 2007), aff'd, 279 F. App'x 940 (11th Cir.

2008) (internal citations omitted). Therefore, "the moving party must show that, on all the essential elements of its case on which it bears the burden of proof, no reasonable jury could find for the nonmoving party." Id. (citing Four Parcels of Real Prop., 941 F.2d at 1438).

If the moving party "fails to discharge the initial burden, then the motion must be denied and the court need not consider what, if any, showing the non-movant has made." Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1116 (11th Cir. 1993) (citing Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991)). It is therefore only after the moving party has sufficiently carried its burden that the Court will turn to the non-movant to show the existence of a genuine issue of material fact. Id.

## IV. DISCUSSION

### A. *Infringement*

Two elements must be proven to establish copyright infringement: 1) ownership of a valid copyright and 2) "copying of constituent elements of the work that are original." Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 361 (1991).

1. Ownership of a Valid Copyright

A certificate of registration filed within five years of a work's first publication – like Plaintiff's 245 Registration – is prima facie evidence of a valid copyright and the facts stated in the certificate. 17 U.S.C. § 410(c). Defendant attempts to rebut this presumption by arguing that Plaintiff's copyright was obtained through fraud on the Copyright Office and is therefore invalid. Defendant argues that Plaintiff has not produced evidence that the work is her original, which would make her certificate of registration invalid.

"Once a plaintiff produces a certificate of registration, the burden shifts to the defendant to establish that the work . . . is unprotectable (for lack of originality)." Pohl v. MH Sub I LLC, 770 F. App'x 482, 486 (11th Cir. 2019) (quoting Latimer v. Roaring Toyz, Inc., 601 F.3d 1224, 1233 (11th Cir. 2010)). Defendant attempts to do so by arguing that Plaintiff did not provide any evidence – besides her declaration – that she is the originator of the Depot Photograph. Because it is Defendant's burden to prove lack of originality, its argument that Plaintiff has not sufficiently established originality – even though she produced her certificate of registration – fails.[3]

---

[3] The Depot Photograph satisfies the "minimal creativity" requirement to obtain a copyright for a photograph. See Pohl, 770 F. App'x at 487. A photographer's decisions regarding selections of "lighting, shading, timing, angle, and film" are sufficient to

6

2. Copying of Constituent Elements

To meet Feist's second prong, copying of constituent elements, Plaintiff must show that Defendant did in fact copy her work and then respond to any evidence Defendant advances in argument that the work is not original. Pohl, 770 F. App'x at 486 (citing Bateman v. Mnemonics, Inc., 79 F.3d 1532, 1541-42 (11th Cir. 1996)). Proof of copying may be shown through direct evidence of the copying, which Plaintiff does here with a screenshot of Defendant's website. See Bateman, 79 F.3d at 1541; (see also Website Screenshots). Originality has also already been established. See note 3, *supra*.

The second Feist prong also requires Plaintiff to prove that the copying of her material was extensive enough to render the "offending and copyrighted works substantially similar." Latimer, 601 F.3d at 1233 (citation omitted). Substantial similarity exists when a "lay observer would recognize the alleged copy has having been appropriated from the copyrighted work." Original Appalachian Artworks, Inc. v. Toy Loft, Inc., 684 F.2d 821, 829 (11th Cir. 1982). Defendant contests substantial similarity, arguing that there is no evidence that the photograph on its

---

meet the "minimal creativity" standard, and Plaintiff affirms that she made such decisions in her declaration. Id.; (Radabaugh Decl.. ¶ 5.)

7

website is the Depot Photograph.[4]  However, the website photograph is plainly identical to the Depot Photograph, as described in the Background section.  Defendant also argues that the subject matter of the photograph is a "well-known landmark with images readily available. . . ."  (Def.'s Resp. to Mot. for Summ. J., Doc. 28, at 10.)  While this argument would be properly aimed at the issue of originality, the Court found above that the Depot Photograph is sufficiently original to warrant copyright protection.

Plaintiff has established both of the <u>Feist</u> prongs for copyright infringement, and Defendant has failed to rebut the presumption of validity.  However, Defendant pleaded the affirmative defense[5] of fair use, which the Court turns to now.

## B. Fair Use

The fair use doctrine is codified in 17 U.S.C. § 107.  It is an affirmative defense, and Defendant properly pleaded it in its Answer.  See <u>Latimer</u>, 601 F.3d at 1238; (Answer, Doc. 7, ¶ 20.)

---

[4] Much of Defendant's argument centers around Plaintiff's alleged refusal to provide a copy of the Depot Photograph in discovery. But that argument is unavailing at this stage.

[5] Defendant also pleaded eighteen other boilerplate defenses ranging from failure to join indispensable parties to laches. Other defenses include a First Amendment defense, which is encompassed by the fair use defense. See <u>Suntrust Bank v. Houghton Mifflin Co.</u>, 268 F.3d 1257, 1264-65 (11th Cir. 2001) (discussing incorporation of First Amendment defenses into fair use doctrine and stating "courts often need not entertain related First Amendment arguments in a copyright case"). The remaining defenses have either been adequately addressed in the analysis of this Order or lack any evidentiary basis.

Whether the defense of fair use applies may be decided at summary judgment. See, e.g., Katz v. Google Inc., 802 F.3d 1178, 1181-84 (11th Cir. 2015) (affirming grant of summary judgment on fair use defense). Section 107 requires courts to weigh four factors with consideration given to the purposes of copyright. Id. at 1182 (quoting Campbell v. Acuff-Rose Music, Inc., 510 U.S. 569, 578 (1994)). The four factors are

> 1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes; 2) the nature of the copyrighted work; 3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and 4) the effect of the use upon the potential market for or value of the copyrighted work.

17 U.S.C. § 107. Defendant concedes[6] that the purpose in this case is commercial, which weighs against application of the fair use defense. See MidlevelU, Inc. v. ACI Info. Grp., 989 F.3d 1205, 1222 (11th Cir. 2021) (stating that commercial purpose weighs against application of the fair use defense). It also concedes that the nature of the Depot Photograph is creative, which also weighs against fair use. Id. at 1222-23.

Defendant contests the third and fourth factors. As to the third, it argues that the full scale and color of the Depot

---

[6] In its response to Plaintiff's motion, Defendant states, "Defendant concedes that the purpose of the use of the photograph was by a commercial entity . . . and that the work was creative in nature. . . ." (Def.'s Resp. to Mot. for Summ. J. at 12.)

9

Photograph were not used and that the photograph was in some way modified. As discussed above however, the photograph on the website appears substantially identical. "Copying an entire work militates against a finding of fair use." Id. at 1223 (citation omitted). However, "[t]his factor weighs less when considering a photograph – where all or most of the work often must be used in order to preserve any meaning at all[,]" and sometimes the third factor proves neutral. Katz, 802 F.3d at 1184 (finding no error when district court found third factor was neutral when applied to use of entire photograph) (quotation omitted). Like in Katz, the Court finds the third factor neutral.

The fourth factor asks whether Defendant's use of the Depot Photograph would cause substantial economic harm if "everybody did it." MidlevelU, 989 F.3d at 1223 (quoting Cambridge Univ. Press v. Patton, 769 F.3d 1232, 1276 (11th Cir. 2014)). Defendant argues that its use of the Depot Photograph had no effect on the potential market for the image. Defendant reasons that the image is of a well-known public place with many other images of the Depot readily available. Defendant also essentially argues that Plaintiff has no evidence of a market for the Depot Photograph.

Plaintiff points to paragraph seven of her declaration, where she affirms that she "made the Photograph available for commercial licensing through the website Fine Art America. . . ." (Radabaugh Decl., ¶ 7.) She also notes that Defendant has not produced any

10

evidence contradicting this testimony. Thus, Plaintiff has at least established that there is a market for the Depot Photograph. However, she has not provided evidence that she lost potential licenses from Defendant's use or that use caused substantial economic harm. It is also unlikely that the presence of the Depot Photograph on Defendant's website somehow made it less attractive for licensing or other use - especially given that Defendant's business is real estate and unrelated to the licensing or sale of artistic photographs. Therefore, based on the somewhat meager evidence before the Court, the fourth factor weighs only lightly against Defendant's fair use defense.

The first two factors are uncontested in Plaintiff's favor, the third factor is neutral, and the fourth factor weighs slightly against Defendant. This measure tilts against the application of the fair use doctrine, meaning summary judgment in Plaintiff's favor is appropriate.

*C. Damages*

Although Plaintiff is awarded summary judgment on her infringement claim as to liability, the amount of damages to be awarded is not immediately clear. Plaintiff pleaded either actual damages or statutory damages under 17 U.S.C. § 504. However, Plaintiff has not elected which measure of damages to recover, nor has she presented the evidence required to be entitled to an award of actual damages. See 17 U.S.C. § 504(b) (requiring plaintiffs

11

to present proof of an infringer's gross revenue to be entitled to actual damages). Even though she has not presented such proof, she may nonetheless elect statutory damages as an alternative. See Cable/Home Commc'n Corp. v. Network Prods., Inc., 902 F.2d 829, 850 (11th Cir. 1990) (discussing the plaintiffs' election of statutory damages, which "they may choose whether or not adequate evidence exists as to the actual damages"). Plaintiff will therefore have an opportunity to choose either actual or statutory damages and submit evidence if necessary.

## V. CONCLUSION

Upon the foregoing, Plaintiff's partial motion for summary judgment (Doc. 20) is **GRANTED**. **IT IS FURTHER ORDERED** that Plaintiff shall have **21 days** from the entry of this Order to file with the Court a document stating her damages election. Plaintiff may include any argument and/or evidence necessary. Defendant shall have **14 days** from Plaintiff's filing to respond with argument and/or evidence of its own.

**ORDER ENTERED** at Augusta, Georgia this 16th day of June, 2021.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA