IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| SHIRLEY RADABUAGH ) | |
| ) | |
| Plaintiff, ) | |
| ) | 1:20-cv-00058-JRH-BKE |
| ) | |
| v. ) | **MOTION FOR PARTIAL** |
| ) | **SUMMARY JUDGMENT** |
| ) | |
| CLAY TURNER REALTY GROUP ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES UNDER 17 U.S.C. § 505**

Plaintiff Shirley Radabaugh ("Plaintiff"), via counsel, respectfully submits this motion for attorneys' fees pursuant to 17 U.S.C. § 505 and Fed. R. Civ. P. 54(d) as the prevailing party in the above-captioned action.

Section 505 of the Copyright Act authorizes this Court to award full "costs," including reasonable attorneys' fees to the "prevailing party." 17 U.S.C. § 505. After a careful review of the parties' submissions, on June 9, 2021, this Court properly granted the Plaintiff's motion for summary judgment as to Defendant Clay Turner Realty Group, LLC's liability for copyright infringement [Dkt. No. 33] and ultimately awarded Plaintiff $1200.00 in statutory damages [Dkt. No. 39]. Plaintiff is the prevailing party in this Action. Judgment was entered on August 3, 2021 [Dkt.

No. 40]. The Court should, therefore, exercise its discretion to award the Plaintiff her attorneys' fees pursuant to 17 U.S.C. § 505.

Pursuant to Rule 54(d)(2)(C), on this motion, Plaintiff Shirley Radabaugh seeks only a determination as to Defendant's liability for Plaintiff's attorneys' fees. Plaintiff will submit any additional evidence as to the value and amount of the fees, should the Court grant this motion. *See* Rule 54(d)(2)(C) ("The court may decide issues of liability for fees before receiving submissions on the value of services."); and *Hudson v. Universal Studios, Inc.*, 2009 WL 536564, at *1–4 n.1 (S.D.N.Y. Mar. 4, 2009) (granting fees and setting schedule to determine the appropriate amount); *see also* L.R. 54.2. Nevertheless, the Carson Law Group, PLLC has spent 38.3 hours on this case, for a total of $8,454.40 ($8,412.00 in attorneys' fees and $220.40 in costs), all of which Plaintiff seeks to recover.

The Court should award Plaintiff Shirley Radabaugh reasonable fees and costs. An award of attorneys' fees will advance the purposes of the Copyright Act. Defendant lacked valid defenses, and an award will also serve as a deterrent for Defendant and others from using copyrighted materials without the copyright holder's authority. *See Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1985 (2016); *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994). Plaintiff respectfully submits that the Court should award $8,454.40 in attorneys' fees and costs.

# ARGUMENT

## PLAINTIFF SHOULD BE AWARDED REASONABLE ATTORNEYS' FEES AND COSTS

The Copyright Act grants district courts broad discretion to award attorneys' fees and costs to prevailing parties as follows:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505. The decision to award attorneys' fees to the prevailing party under this statute rests within the sound discretion of the Court. *See Kirtsaeng*, 136 S. Ct. at 1985; *Fogerty*, 510 U.S. at 533; *Hermosilla v. Coca-Cola Co.*, 492 F. App'x 73, 75 (11th Cir. 2012).

A court's touchstone in considering whether to award fees is that "fee awards under § 505 should encourage the types of lawsuits that promote" the purposes of the Copyright Act, which itself is designed to "strik[e] a balance between two subsidiary aims: encouraging and rewarding authors' creations while also enabling others to build on that work." *Fogerty* at 1986. In *Fogerty*, the Supreme Court set forth a list of nonexclusive factors for district courts to consider in deciding whether to award attorneys' fees to prevailing parties in copyright infringement cases. 510 U.S. at 534 n.19. These factors include "frivolousness, motivation, objective unreasonableness [,] and the need in particular circumstances to advance

3

considerations of compensation and deterrence." *Kirtsaeng*, 136 S. Ct. at 1985 (quoting *Fogerty*, 510 U.S. at 534 n.19); *16 Casa Duse, LLC v. Merkin*, 791 F.3d 247, 264 (2d Cir. 2015) (listing *Fogerty* factors).

Plaintiff Shirley Radabaugh prevailed in the Court's carefully considered Order finding Defendant liable for copyright infringement. Plaintiff's position in this action, therefore, furthered the interests of the Copyright Act because there is a strong public interest in prosecuting the theft of intellectual property. The *Fogerty* factors weigh heavily in favor of awarding attorneys' fees and costs.

Moreover, the objective reasonableness or unreasonableness of the losing party's positions is entitled to "substantial weight." *Kirtsaeng*, 136 S. Ct. at 1989. To be objectively unreasonable, a defense must be "lacking in basis" or have an "objective lack of merit." *Polsby v. St. Martin's Press, Inc.*, 2000 WL 98057, at *2–3 (S.D.N.Y. Jan.18, 2000), *aff'd*, 8 F. App'x 90 (2d Cir. 2001).

Here, in the Court's Order granting summary judgment to Plaintiff, the Court rightly determined that Plaintiff had established both of the *Feist* prongs for copyright infringement, i.e., ownership and copying, and that "Defendant has failed to rebut the presumption of validity." [Dkt. No. 35, p. 8] However, Defendant alleged in its answer that Plaintiff had failed to comply with copyright requirements (fourth affirmative defense) and Plaintiff failed to establish the ownership of copyright (fifth affirmative defenses), both of which were baseless. [Answer, Dkt. No. 7, 5]

4

Defendant had no objective factual or legal basis to assert such affirmative defenses, and never produced any evidence to support such defenses during discovery. Accordingly, these defenses should be deemed objectively unreasonable.

With respect to the fair use defense, Defendant should have known that such defense would fail, yet it burdened Plaintiff Shirley Radabaugh and the Court with briefing the fair use doctrine as its primary defense in opposition to Plaintiff's motion for summary judgment. Defendant conceded that the first and second fair use factors weighed against it [Dkt. No. 35, p. 9] and further argued that the full scale and color of the Depot Photograph was not used and that the Photograph was somehow modified, all of which was untrue. The Court found otherwise given that "the photo on the website appears substantially identical." [*Id.* at 10] Defendant also speculated, without any evidence, that no market existed for the Photograph even though Plaintiff is a professional photographer who had made the Photograph available for commercial licensing. Ultimately, the Court determined that the fourth factor weighed against fair use. In sum, *none* of the fair use factors weighed in Defendant's favor. Under these circumstances, the Court should deem the fair use defense objectively unreasonable.

Further, the *Kirtsaeng* Court has counseled that "fee awards under § 505 should encourage the types of lawsuits that promote" the purposes of the Copyright Act, which include "enriching the general public through access to creative works."

5

136 S. Ct. at 1986 (citing *Fogerty*, 510 U.S. at 527). Plaintiff's right to prosecute her copyright ownership rights to deter unauthorized use of photographs on-line advances the goals of the Copyright Act and, thus, warrants an award of full compensation for its fees.

In sum, this is exactly the kind of case that warrants an award of fees to the prevailing plaintiff. Defendant advanced weak and factually unsupported affirmative defenses. Plaintiff had no choice but to spend her resources litigating such defenses, despite their objective lack of merit.

## **CONCLUSION**

For the reasons stated herein, Plaintiff respectfully submits that the Court should grant the Plaintiff's motion for an award of attorneys' fees and such other and further relief as this Court deems just and proper.

Respectfully submitted, this the 17th day of August 2021.

                                               CARSON LAW GROUP, PLLC

                                               */s/Dorsey R. Carson, Jr.*
                                               Dorsey R. Carson, Jr. (GA Bar No. 940300)
                                               2870 Peachtree Road, NW
                                               #915-3234
                                               Atlanta, GA 30305
                                               Telephone: 601-351-9831
                                               Facsimile: 601-510-9056
                                               Email: dcarson@thecarsonlawgroup.com

                                               *Attorneys for Plaintiff*