IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| SHIRLEY RADABAUGH, | ) | |
| | ) | JURY TRIAL DEMAND |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | DOCKET NO: 1:20-CV-00058-JRH-BKE |
| | ) | |
| CLAY TURNER REALTY GROUP, LLC, | ) | MOTION FOR PARTIAL |
| Defendant. | ) | SUMMARY JUDGMENT |

## DEFENDANT'S REPSONSE TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES UNDER 17 U.S.C. § 505

Defendant Clay Turner Realty Group, LLC, via counsel, respectfully submits this response to Plaintiff's Motion for Attorney's Fees Under 17 U.S.C. § 505 and Fed. R. Civ. P. 54(d).

Section 505 of the Copyright Act authorizes this Court to award full "costs," to the "prevailing party," as well as reasonable attorney's fees to the "prevailing party." 17 U.S.C. § 505. Plaintiff submitted a Motion for Partial Summary Judgment as to Defendant's liability for copyright infringement [Dkt. No. 33]. This court ultimately decided after thorough review and briefing that Defendant had, in fact, infringed upon Plaintiff's copyrighted work and awarded Plaintiff $1200.00 in statutory damages. [Dkt. No. 39]. Plaintiff is the prevailing party in regards to the Motion for Partial Summary Judgment and in accordance with 17 U.S.C. § 505 and Fed. R. Civ. P. 54(d)(1) should be awarded the costs she seeks in the amount of $220.00. Defendant cannot and does not contest that award.

However, Defendant does contest the issue of "reasonable attorney's fees" and Defendant's liability for Plaintiff's attorney's fees. In her initial Motion for Summary Judgment, Plaintiff sought an award of statutory damages of five times the amount $2315.00, specifically $11,575.00. [Dkt. No. 36]. She was awarded $1200.00 due to Defendant's innocent infringement [Dkt. No. 39]. Plaintiff now seeks an award of attorney's fees in the amount of $8412.00 based on Defendant's "unreasonableness," in her opinion, based on the fact that Defendant defended himself by responding to motions with responses and

1

briefs to address Plaintiff's Motion for Partial Summary Judgment and the following election for statutory damages. [Dkt. No. 41].

Prevailing parties, while entitled to costs are not entitled to attorney's fees pursuant to Fed. R. Civ. P. 54(d)(1), "...costs - other than attorney's fees - should be allowed to the prevailing party." While Plaintiff has addressed their specific amount being claimed, an amount of $8,412.00, Plaintiff concedes that the amount is not what is at issue at this point as the Court must first determine whether or not Defendant is liable for those attorney's fees. Defendant would request an itemization of the hourly billing, opportunity to review, and respond if necessary in regards to the fees purported by Plaintiff prior to awarding fees, if any by this Court. Attorney's fees, are not viewed in the same way as costs. "[T]he fact that a [party] has prevailed on a motion ... does not require the court to award fees. *See, e.g., Brown v. Perdue*, No. 04 Civ. 7417, 2006 WL 2679936 (S.D.N.Y. Sept. 15, 2006). "[A] district court may not "award attorney's fees as a matter of course, rather a court must make a more particularized case-by-case assessment." *Fogerty* at 553, 114 S. Ct. 1023. Copyright law's ultimate purposes is to "enrich[] the general public through access to creative works. *Id.* At 527, 114 s.Ct. 1023. The copyright statute achieves this goal by balancing the encouragement and reward of author's creations and enabling others to build on that work." *Id.* At 527, 114 s.Ct. 1023.

Plaintiff relies solely upon the fact that Defendant presented one primary defense in its response to Plaintiff's Motion for Summary Judgment, to wit: the Fair Use Doctrine. [Dk. Nos. 37, 41] and rightfully asserted the possible affirmative defenses available in its initial pleadings. Plaintiff further argues that by doing so, Plaintiff was required by and through their counsel to review, brief, and respond to Defendant's submissions to this Court. [Dkt. No. 41]. Motions, research, briefs, and responses are a part of the ebb and flow of litigation and parties should not be penalized for asserting their positions and protecting their rights or interests in a matter. The implications that Defendant should have remained quiet and lost any chance at any defense, affirmative or otherwise and to then further penalize a party financially for doing so would be unconscionable, against public policy and the usual administration of justice within our country. Defendant's use of defenses throughout this action and responses to any

2

motions or otherwise as against him have been objectively reasonable when viewed in the totality of circumstances and therefore, Defendant has no liability to Plaintiff for any attorney's fees incurred throughout this litigation.

The Court, in its August 3, 2021 Order on Plaintiff's Motion for Partial Summary Judgment awarded $1200.00 in statutory damages and noted that the award was suitable based on the facts of this case to serve as a deterrent to future parties in similar situations as Defendant, which meets one of the purposes of the Copyright Act - to deter others from using copyrighted materials without the copyright holder's authority. This Court has wide discretion in the application and determination of liability of attorney's fees and the amount awarded, but in reviewing such requests should consider each case individually and in the light of its own circumstances and should not view the reasonableness or unreasonableness of an argument presented by a party as the determinative factor in the award of such fees.

Defendant respectfully submits that the Court should award $220.00 in costs to Plaintiff and deny any motion for attorney's fees as Defendant is not liable for those fees and if this Court should determine that Defendant is, in fact, liable for Plaintiff's fees, that this Court and Defendant be presented with any and all documentation and itemization of attorney's fees upon which Plaintiff makes her claim and be given time to review and respond to the same.

DATED: This, **16th** day of **September**, 2021.

/s/ Kristen T. Jones

Kristen T. Jones
Attorney for Clay Turner Realty Group, LLC
GA BAR NO. 632847

**TURNER JONES LEGAL, LLC**
Post Office Box 1703
Lincolnton, Georgia 30817
(706) 359-3332

## ARGUMENT

### PLAINTIFF SHOULD BE AWARDED COSTS, BUT SHOULD NOT BE AWARDED REASONABLE ATTORNEYS' FEES

District courts possess wide discretion in reviewing a prevailing party's request for costs and attorney's fees pursuant to 17 U.S.C. § 505. See also, *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 s. Ct. 1979, 1985 (2016); *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994); *Hermosilla v. Coca-Cola*, 492 F. App'x 73, 75 (11th Cir. 2012). Fed. R. Civ. P. 54(d)(1) clearly states "...costs - other than attorney's fees - should be allowed to the prevailing party." Defendant does not contest the award or amount of costs requested in this matter, an amount of $220.00 and would agree that amount should be awarded to Plaintiff.

Attorney's fees, however, are not viewed in the same way as costs. "[T]he fact that a [party] has prevailed on a motion ... does not require the court to award fees. *See, e.g., Brown v. Perdue*, No. 04 Civ. 7417, 2006 WL 2679936 (S.D.N.Y. Sept. 15, 2006). "[A] district court may not "award attorney's fees as a matter of course, rather a court must make a more particularized case-by-case assessment." *Fogerty* at 553, 114 S. Ct. 1023. Copyright law's ultimate purposes is to "enrich[] the general public through access to creative works. *Id.* At 527, 114 s.Ct. 1023. The copyright statute achieves this goal by balancing the encouragement and reward of author's creations and enabling others to build on that work." *Id.* At 527, 114 s.Ct. 1023.

One such consideration is determining unreasonableness is if a copyright claim is "clearly without merit or otherwise patently devoid of legal or factual basis," that claim "ought to be deemed objectively unreasonable." *Penguin Books U.S.A., Inc. V. New Christian Church of full Endeavor, Ltd.*, No. 96 Civ. 4126, 2004 WL 728878, at *3 (S.D.N.Y. Apr. 6, 2004). Such a claim would make an award of fees and costs proper. *Hudson v. Universal Studios, Inc.*, 2009 WL 536564, at *1 (S.D.N.Y. Mar. 4, 2009). In considering this factor, a "court must also give due consideration to all other circumstances relevant to granting fees..." *Kirtsaeng*, 1136 S.Ct. 1979, 1983. However, "objective reasonableness can be only an important factor in assessing fee applications - not the controlling one." *Id.* At 1988, 136 s.Ct. 1979. "[I]n any given case, a court may ... deny fees even though the losing party made unreasonable ones." *Id.*

Furthermore, "the imposition of a fee award against a [party] with an 'objectively reasonable' -

4

although unsuccessful - 'litigation position will generally not promote the purposes of the Copyright Act.'" *Id.* At 1984 citing *Matthew Bender & Co. V. West Publishing Co.*, 240 f.3d 116, 122 (C.A.2 2001). Indeed, district courts "may not treat prevailing plaintiffs and prevailing defendants any differently; defendants should be 'encouraged to litigate [meritorious copyright defenses] to the same extent that plaintiff's are encouraged to litigate meritorious claims of infringement." *Fogerty* at 527, 114 S.Ct. 1023. Indeed, while establishing a standard for evaluation for these types of claims, *Fogerty* was not "intended to be the end of the matter." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140, n. 126 S.Ct. 704, 163 L.Ed.2d 547 (2005).

In *Hudson*, the plaintiff in the action was filing claims and motions based upon a set of facts which had been resolved by prior courts numerous times, yet he kept filing the same claims and motions. Thus, the Court found it proper to award attorneys' fees to the defendant. In the instant case, Defendant did not continually submit claims and defenses which he did not think would balance in his favor. He disposed of issues he could not win, as with the Fair Use Doctrine with elements one and two of the balancing test, and in the instant response with the issue of Plaintiff's costs. As a balancing test, each of the factors should be weighed in turn, which this Court rightfully did with the evidence available to it, albeit, just as with Defendant, was limited in nature. Defendant immediately disposed of the first two prongs in his submissions to the Court and left the other two to be determined by the Court, one of which was determined by this Court to be neutral, the other was determined to weigh against the Defendant. Just because the Court ruled adversely to Defendant does not mean that his position was objectively unreasonable as was seen in *Hudson*.

Plaintiff further argues the submission of his affirmative defenses in the Answer were without merit. As with any case, at the time of filing the initial responsive pleadings, there is no other discovery or information available to a defendant other than what is submitted, if anything, by a plaintiff in their complaint or petition and whatever information the defendant themselves may or may not hold. A defendant must then assert any defense that may be available in order not to lose those defenses. In this case, the Plaintiff submitted a declaration and a copy of the initial copyright filing. There was no evidence submitted of renewals/ maintenance, no evidence of licenses being available, etc. The only other thing

cited was her listing for purchasing prints online or at a local market, despite being presented as a "commercial license" in her pleadings and declarations throughout the litigation. Indeed in submitting her election for statutory damages, Plaintiff did not have a license to rely upon, but rather had to rely upon similar photographs and a secondary licensing website to determine her damages. [Dkt. Nos. 20, 21, 35]. Plaintiff's assertion that Defendant "speculated" there was no market, namely a commercial market, due to the lack of "evidence," is simply unfounded because it is patently true that there was no commercial market because there was no availability to the commercial market as there was no available commercial license as had been averred by Plaintiff throughout litigation.

This case has been rife with issues outside the facts of the case due to previous counsel. This led to an uncooperative discovery period where former counsel indicated documents existed and would be provided or claimed they did not exist, only to have current counsel claim they did. In fact, Defendant had to file and request an extension of the response deadline for Plaintiff's Motion for Partial Summary Judgment due to discovery period delays, which was granted. [Dkt. Nos. 24, 27]. Whether those documents or that information ever existed remains a mystery to this day. However, they would have been crucial in Defendant determining whether or not he had full ability to claim or release a defense. Without that evidence, rather than lose a potential defense, Defendant asserted any defenses available to him based on the limited information provided via pleadings or conversations with counsel. Defendant should not be penalized due to the bad faith of prior counsel, who, if he had been acting in good faith, would have complied with discovery requests so that Defendant could have better ascertained any of his asserted defenses.

As has remained uncontested throughout the litigation, no contact was ever made by Plaintiff to Defendant to attempt to resolve the copyright infringement. Defendant did not have any knowledge he had violated a copyright until he received service of Plaintiff's complaint. Litigation could have been avoided entirely, and thus, attorneys' fees reduced dramatically had a non-litigation approach been pursued first and then, should that have been unsuccessful, litigation pursued. While Plaintiff certainly has a right to pursue litigation against those that infringe on her copyrighted works, Defendant should not be penalized for defending his position because Plaintiff elected to pursue the more time and financially

6

burdensome route to resolve the infringement. Defendant mitigated his damage to Plaintiff by immediately removing the photograph, Plaintiff should bear some responsibility for not mitigating her own by pursuing a less costly mode of resolution, not placing watermarks or copyright information on the photographs she disseminated at no costs to other organizations and corporations, and not offering a commercial license for her photograph. Indeed with each motion, brief, and response filed by Plaintiff, Defendant must then incur his own fees and expenses in order to continue defense of itself and its position.

However, even if it were to be adjudged that Defendant's submission and briefing of his available defenses were "objectively" unreasonable, it is the sole basis upon which Plaintiff rests her argument for fees. As cited previously, "objective reasonableness can be only an important factor in assessing fee application - not the controlling one ...that means in any given case, a court may ... deny fees even though the losing party made unreasonable ones." *Kirtsaeng*, 136 s. Ct. 1979, at 1988.

In conclusion, when appropriately viewing the totality of circumstances and recognizing Plaintiff is asserting Defendant's actions in properly defending himself and her reliance only upon her assessment of "reasonableness" of Defendant's defenses as the sole determinative factor in the award for her attorney's fees, despite current case law cited by Plaintiff herself indicating that such a determination, while important, cannot be the sole factor, it is clear this is a case where costs, but not attorneys' fees, should be awarded to the prevailing party. Defendant had no choice but to continue to defend himself due to the continual lack of cooperation by the Plaintiff and non-factual averments of the same.

## **CONCLUSION**

For the reasons stated herein, Defendant respectfully submits that the Court should grant the Plaintiff's Motion for an Award of Attorney's Fees and Costs as to costs only in the amount of $220.00 and should deny any request for attorneys' fees as defendant is not liable for those fees, and such other and further relief as this Court deems just and proper.

Respectfully submitted, this the 16th day of September, 2021.

/s/ Kristen T. Jones
Kristen T. Jones
Attorney for Defendant
GA Bar No. 632847

Turner Jones Legal, LLC
Post Office Box 1703
Lincolnton, Georgia 30817
(706) 359-3332

## CERTIFICATE OF SERVICE

This is to certify that I have served upon parties and opposing counsel a copy of **Defendant's Motion to Extend Deadline to Respond to Plaintiff's Motion for Partial Summary Judgment** as follows:

Dorsey R. Carson, Jr.<br>
Attorney for Plaintiff<br>
[via CM/ECF Electronic Delivery]<br>
2870 Peachtree Road, NW<br>
#915-3234<br>
Atlanta, Georgia 30305

By statutory electronic service or by placing same in the United States mail with adequate postage thereon to assure proper delivery.

This 16th day of September, 2021.

/s/ Kristen T. Jones<br>
Kristen T. Jones<br>
Attorney for Defendant<br>
GA Bar No. 632847

Turner Jones Legal, LLC
Post Office Box 1703
Lincolnton, Georgia 30817
(706) 359-3332