IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| SHIRLEY RADABUAGH | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:20-cv-00058-JRH-BKE |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| CLAY TURNER REALTY GROUP | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF HER MOTION FOR ATTORNEYS' FEES UNDER 17 U.S.C. § 505**

Plaintiff Shirley Radabaugh ("Plaintiff"), via counsel, respectfully submits this reply brief in further support of her motion for attorneys' fees pursuant to 17 U.S.C. § 505 and Fed. R. Civ. P. 54(d) as the prevailing party in the above-captioned action.

Defendant Clay Turner Realty Corp. ("Defendant") concedes that $220.00 in costs should be awarded under Fed. R. Civ. P. 54(d)(1); however, Defendant contests Plaintiff's requests for attorneys' fees under Section 505 of the Copyright Act, which authorizes this Court to award reasonable attorneys' fees to the "prevailing party." 17 U.S.C. § 505.

In opposition, Defendant primarily argues that the Court should decline to award reasonable attorneys' fees because "[m]otions, research, briefs, and responses are a part of the ebb and flow of litigation, and the parties should not be penalized for asserting their positions and protecting their rights and interests in a matter." [Dkt. No. 43, p. 2] While parties are certainly entitled to protect their rights, they are not entitled to advance frivolous or objectively unreasonable positions which waste the Court's resources and burden the plaintiff with unnecessary motion practice. The thrust of the fee-shifting provision of the Copyright Act is that to further the purposes of the Act, a plaintiff should be fairly compensated for having to contest defenses and positions which are objectively unreasonable. *See Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1989 (2016) (noting that the objective reasonableness or unreasonableness of the losing party's positions is entitled to "substantial weight."). To be objectively unreasonable, a defense must be "lacking in basis" or have an "objective lack of merit." *Polsby v. St. Martin's Press, Inc.*, 2000 WL 98057, at *2–3 (S.D.N.Y. Jan.18, 2000), *aff'd*, 8 F. App'x 90 (2d Cir. 2001).

Here, Defendant was <u>not</u> required to invoke the affirmative defense of fair use for the mere sake of defending itself, as Defendant suggests. It could have simply stipulated to liability for copyright infringement and then defended itself on the claim for damages. Instead, it opted to tax the Court's resources and burden Plaintiff with briefing an objectively unreasonable defense that it should have known had no

2

chance of success. The record shows that there was no factual basis to assert this defense, and that Defendant even misrepresented the facts to the Court.[1]

Moreover, Defendant's other affirmative defenses were baseless. Defendant alleged in its answer that Plaintiff had failed to comply with copyright requirements (fourth affirmative defense) and Plaintiff failed to establish the ownership of the copyright (fifth affirmative defenses), both of which were baseless. [Answer, Dkt. No. 7, 5] Defendant had no objective factual or legal basis to assert such affirmative defenses, and never produced any evidence to support such defenses during discovery. Accordingly, these defenses should be deemed objectively unreasonable.

Defendant also asks the Court to decline to shift fees because the $1200.00 in statutory damages awarded is sufficient "to deter others from using copyrighted materials without the copyright holders' authority." [Dkt. No. 43, p. 3] However, this argument fails to take into account that deterrence is only one of several factors in a section 505 motion, including "frivolousness, motivation, objective unreasonableness [,] and the need in particular circumstances to advance considerations of compensation and deterrence." *Kirtsaeng*, 136 S. Ct. at 1985 (quoting *Fogerty*, 510 U.S. at 534 n.19). Moreover, courts may award attorneys' fees to copyright plaintiffs where statutory damages have also been awarded in the same

---

[1] Defendant argued that the full scale and color of the Photograph were not used and that the Photograph was somehow modified, all of which was untrue. The Court found otherwise given that "the photo on the website appears substantially identical." [Dkt. No. 35 at 10]

action. *See Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 842 (11th Cir. 1990) (affirming the district court's award of statutory damages in the amount of $130,000 and attorneys' fees in the amount of $451,789.06).

In sum, this is exactly the kind of case that warrants an award of fees to the prevailing plaintiff. Defendant advanced weak and factually unsupported affirmative defenses. Plaintiff had no choice but to spend her resources litigating such defenses, despite their objective lack of merit.

## **CONCLUSION**

For the reasons stated herein, and those set forth in her principal brief, Plaintiff respectfully submits that the Court should grant Plaintiff's motion for an award of attorneys' fees and such other and further relief as this Court deems just and proper.

This the 30th day of September 2021.

Respectfully submitted:

CARSON LAW GROUP, PLLC

*/s/Dorsey R. Carson, Jr.*
Dorsey R. Carson, Jr. (GA Bar No. 940300)
2870 Peachtree Road, NW
#915-3234
Atlanta, GA 30305
Telephone:  601-351-9831
Facsimile: 601-510-9056
Email: dcarson@thecarsonlawgroup.com

*Attorney for Plaintiff*