IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| SHIRLEY RADABUAGH | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:20-cv-00058-JRH-BKE |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| CLAY TURNER REALTY GROUP | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S REPLY IN FURTHER SUPPORT OF HER MOTION FOR ATTORNEYS' FEES UNDER 17 U.S.C. § 505

Plaintiff Shirley Radabaugh ("Plaintiff"), by and through undersigned counsel, respectfully submits this Reply in further support of her Motion for Attorneys' Fees pursuant to 17 U.S.C. § 505 and Fed. R. Civ. P. 54(d) as the prevailing party in the above-captioned action.

**I.    Plaintiff is entitled to recover attorneys' fees and costs, including *pro hac vice* fees, under federal statute and the law of this Circuit.**

After a careful review of the parties' submissions, on June 9, 2021, this Court properly granted Plaintiff's Motion for Summary Judgment as to Defendant Clay Turner Realty Group, LLC's liability for copyright infringement [Dkt. No. 33] and awarded Plaintiff $1,200.00 in statutory damages [Dkt. No. 39]. Judgment was entered on August 3, 2021 [Dkt. No. 40]. As a result, Plaintiff

is unquestionably the prevailing party in this Action. The Court should, therefore, exercise its discretion to award Plaintiff her attorneys' fees pursuant to 17 U.S.C. § 505. The Carson Law Group, PLLC has spent 38.3 hours on this case, for a total of $8,454.40 ($8,412.00 in attorneys' fees and $220.40 in costs), all of which Plaintiff seeks to recover.

Defendant's response, dated December 2, 2021, first argues that *pro hac vice* fees are not recoverable. Defendant does not cite any authority for this proposition because none exists. The law of this Circuit provides that recovery of fees and costs under Section 505 includes "reasonable attorneys' fees and costs incurred in connection with" the case. *Oy v. Mosley*, 2014 WL 12495289 (S.D. Fla. Sept. 30, 2014); *see also Professional LED Lighting, Ltd. v. Aadyn Technology LLC*, 2015 WL 11570970, *2 (S.D. Fla. July 22, 2015) ("Pursuant to 17 U.S.C. § 505, the Court has the discretion to allow the recovery of <u>full costs</u> by or against any party (other than the United States) and may award reasonable attorneys' fees to the prevailing party") (emphasis added).

It is axiomatic that a plaintiff such as Shirley Radabaugh has the right to engage counsel of her choice. Mr. Richard Liebowitz, Shirley's counsel of choice, filed the Complaint in this matter on April 21, 2020 [Dkt. No. 1]. On April 22, 2020, the Court entered a Notice of Filing Deficiency and attached *pro hac vice* forms [Dkt. No. 6], notifying Mr. Liebowitz that, under the rules of this

Court, Shirley Radabaugh would be required to engage local counsel to assist Plaintiff in this matter. Mr. Liebowitz's application to appear *pro hac vice* was granted on June 18, 2020, and Attorney Dorsey R. Carson, Jr. was designated as local counsel for Shirley.

Here, the *pro hac vice* fees were required by this Court so that Shirley's chosen counsel could proceed with the prosecution of Plaintiff's case. At that time, Mr. Liebowitz was licensed and experienced in copyright law. There is no evidence that such application was improperly made. Accordingly, the Court should award Plaintiff recovery of her "full costs," including the required *pro hac vice* fees. *Professional LED Lighting, Ltd.,* 2015 WL 11570970, *2.

## II.    Attorney Richard Liebowitz's involvement in this matter does not preclude an award of attorneys' fees.

Defendant next argues that the Court should decline to credit "any fees associated with the former attorney Richard Liebowitz" after March 5, 2021 [Dkt. No. 46, p. 2]. At the outset it should be noted that Plaintiff Shirley Radabaugh has not submitted for recovery of any fees from Mr. Liebowitz or his firm. This Court entered an order disbarring Mr. Liebowitz from the practice of law before this Court on March 5, 2020 [Dkt. 32], and his license to practice law was ultimately suspended by the New York Supreme Court on November 3, 2021.

Shirley requested that Mr. Carson and his firm act as lead counsel, and they successfully did so, efficiently and effectively. To reiterate, the legal invoices

submitted in connection with Plaintiff's motion do <u>not</u> include any hours billed by Mr. Liebowitz or his firm Liebowitz Law Firm, PLLC. Mr. Liebowitz did not engage in any practice of law before this Court following his suspension. Instead, recovery is sought for the billable hours incurred by Dorsey R. Carson, Jr. and Carson Law Group, PLLC [Dkt. No. 42].  Mr. Carson's billable time is reasonable, including any communications he had with Mr. Liebowitz. Any discussions following Mr. Liebowitz's suspension were limited to fact investigation, prior client communications, and administrative matters concerning the lawsuit, rather than rendering any legal advice, and were in the best interests of the client, including for the purposes of <u>minimizing</u> costs and eliminating duplication. Therefore, such communications by Mr. Carson were proper and helpful. Mr. Carson incurred the time to engage in such communications, and there is no evidence that the hours billed are unreasonable or redundant. Accordingly, the Court should decline to discount any time that Mr. Carson spent communicating with Mr. Liebowitz's law office after March 5, 2021.

Further, Plaintiff Shirley Radabaugh should not be penalized for the actions of her initial counsel. The Court has entered a judgment in Shirley's favor, but a failure to award attorneys' fees will significantly reduce her $1,200.00 award as the prevailing party in this matter. Accordingly, the Court should decline to

discount any of Mr. Carson's time.

In sum, this is exactly the kind of case that warrants a complete award of fees to the prevailing plaintiff. Defendant advanced weak and factually unsupported affirmative defenses, and Plaintiff had no choice but to spend her resources litigating such defenses, despite their objective lack of merit.

## <u>CONCLUSION</u>

For the reasons stated herein, and all other papers submitted in support of this motion, Plaintiff respectfully submits that the Court should grant the Plaintiff's motion for an award of attorneys' fees in the amount of $8,454.40, and such other and further relief as this Court deems just and proper.

This the 13th day of December 2021.

Respectfully submitted:

*/s/ Dorsey R. Carson, Jr.*
Dorsey R. Carson, Jr.
CARSON LAW GROUP, PLLC
881 Peachtree Street NE
Atlanta, GA 30309
601-351-9831
Fax: 601-510-9056
dcarson@thecarsonlawgroup.com
*Attorney for Plaintiff*