IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

SHIRLEY RADABAUGH,           *
                             *
        Plaintiff,           *
                             *
        v.                   *        CV 120-058
                             *
CLAY TURNER REALTY GROUP, LLC, *
                             *
        Defendant.           *
                             *

_____

O R D E R
_____

Before the Court is Plaintiff's motion for attorney's fees. (Doc. 41.)  As explained below, Plaintiff's motion is **GRANTED IN PART and DENIED IN PART.**

## I. BACKGROUND

On April 21, 2020, Plaintiff initiated the present action against Defendant for violations of the Copyright Act, 17 U.S.C. § 101 et seq. (Doc. 1.) Specifically, Plaintiff alleged Defendant used her copyrighted photograph without permission in violation of 17 U.S.C. §§ 106 and 501. (Id.) The Court granted partial summary judgment in favor of Plaintiff on June 16, 2021 and entered judgment against Defendant in the amount of $1,200 in statutory damages on August 3, 2021 – just over one tenth of Plaintiff's requested award of $11,575. (Docs. 33, 39). Now, Plaintiff seeks

$8,454.40 in costs and attorney's fees under 17 U.S.C. § 505, which Defendant opposes.   (Docs. 41, 43.)

## II. DISCUSSION

### A. Legal Standard

Plaintiff seeks attorney's fees and costs under 17 U.S.C. § 505, which provides that "the court in its discretion may allow the recovery of full costs by or against any party . . . [and] may also award a reasonable attorney's fee to the prevailing party as part of the costs."   "There is no precise rule or formula for marking these determinations . . . the district court has discretion in determining the amount of a fee award."   Hensley v. Eckerhart, 461 U.S. 424, 436-47 (1983).   "The touchstone of attorney's fees under § 505 is whether imposition of attorney's fees will further the interests of the Copyright Act, i.e. by encouraging the raising of objectively reasonable claims and defenses, which may serve not only to deter infringement but also to ensure that the boundaries of copyright law are demarcated as clearly as possible in order to maximize the public exposure to valuable works."   Mitek Holdings, Inc. v. Arce Eng'g, Inc., 198 F.3d 840, 842-43 (11th Cir. 1999) (internal citations and quotation omitted).   In Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994), the Supreme Court "cited with approval the Third Circuit's list of 'several nonexclusive factors that courts should consider in

2

making awards of attorney's fees to any prevailing party' in a Copyright Act case." <u>Mitek</u>, 198 F.3d at 842 (citing <u>Fogerty</u>, 510 U.S. at 534 n.19). These factors include "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." <u>Id.</u> This Court has previously held that "in copyright cases, although attorneys' fees are awarded in the trial court's discretion, they are the rule rather than the exception and should be rewarded routinely." <u>Broadcast Music, Inc. v. Gata's Statesboro, LLC</u>, No. 6:14-cv-121, 2015 WL 3444786, at *4 (S.D. Ga. May 28, 2015) (citing <u>E Beats Music v. Andrews</u>, 433 F. Supp. 2d 1322, 1327 (M.D. Ga. 2006)) (internal quotation omitted). "A showing of willfulness provides further justification for such an award." <u>Id.</u> However, "a district court may not 'award attorney's fees as a matter of course'; rather, a court must make a more particularized, case-by-case assessment." <u>Kirtsaeng v. John Wiley & Sons, Inc.</u>, 579 U.S. 197, 202 (2016) (citing <u>Fogerty</u>, 510 U.S. at 533). "Courts must view all the circumstances of a case on their own terms, in light of the Copyright Act's essential goals." <u>Id.</u> at 209. "That means in any given case a court may award fees even though the losing party offered reasonable arguments (or, conversely, deny fees even though the losing party made unreasonable ones)." <u>Id.</u> at 208-9.

3

**B. Reasonableness of Awarding Attorney's Fees**

To determine the reasonableness of attorney's fees in this case, the Court will consider the factors listed above and the case as a whole. At the outset, the Court notes the important goals of the Copyright Act, including "enriching the general public through access to creative works" and "encouraging and rewarding authors' creations while also enabling others to build on that work." Kirtsaeng, 579 U.S. at 204.

Regarding motivation and deterrence, the Court already found "[n]o evidence suggests that Defendant intentionally infringed on Plaintiff's trademark." (Doc. 39, at 2.) Rather, Defendant "hired a third-party web developer that used Plaintiff's photograph on its website." (Id.) Upon learning of this suit, Defendant immediately removed the photograph. (Doc. 43, at 7.) The Court also already found that the statutory damages award for $1,200 "should serve to deter businesses from failing to check whether their third-party web developer used a copyrighted image without permission." (Doc. 39, at 2.) The Court finds that no further deterrence is necessary.

Regarding objective reasonableness, Plaintiff asserts "Defendant had no objective factual or legal basis to assert [its] affirmative defenses, and never produced any evidence to support such defenses during discovery. Accordingly, these defenses should be deemed objectively unreasonable." (Doc. 41, at 5.)

4

Plaintiff also asserts "this is exactly the kind of case that warrants an award of fees . . . Defendant advanced weak and factually unsupported affirmative defenses." (Id. at 6.) Defendant, on the other hand, argues that affirmative defenses and the resulting "[m]otions, research, briefs, and responses are a part of the ebb and flow of litigation and parties should not be penalized for asserting their positions and protecting their rights or interests in a matter." (Doc. 43, at 2.)

On the merits, Plaintiff prevailed on both Feist prongs, as the photos appeared plainly identical and Defendant failed to meet its burden to show Plaintiff failed to establish originality. (Doc. 35, at 5-8.) Regarding its fair use defense, Defendant did not contest two of the four elements. (Id. at 9.) It only contested the latter two elements – the third of which the Court found neutral, and the fourth of which the Court found "weigh[ed] only lightly against Defendant's fair use defense." (Id. at 9-10.) Thus, the Court granted summary judgment and entered judgment in favor of Plaintiff. Just because Defendant's arguments ultimately failed, however, does not mean they were objectively unreasonable. Indeed, "[t]he mere fact that summary judgment was granted . . . does not speak to whether [Defendant's] claims were 'objectively unreasonable.'" Corwin v. Walt Disney World Co., No. 6:02-cv-1377, 2008 WL 754697, at *7 (M.D. Fla. Mar. 18, 2008) (internal citations omitted). "Not all unsuccessfully litigated

claims are unreasonable." Id. (citing FASA Corp v. Playmates Toys, Inc., 1 F. Supp. 2d 859, 864 (N.D. Ill. 1998)) (internal citation omitted).  "If that were the case, attorney's fees would automatically be awarded to every prevailing defendant." FASA Corp, 1 F. Supp. 2d at 864.  Here, although Defendant's arguments were not meritorious, they were not objectively unreasonable.

Finally, the Court notes other relevant circumstances in this case.  Plaintiff never contacted Defendant outside of this suit to resolve the copyright infringement. (Doc. 43, at 6.)  "Defendant did not have any knowledge he had violated a copyright until he received service of Plaintiff's complaint."  (Id.)  Defendant asserts that "litigation could have been avoided entirely, and thus, attorneys' fees reduced dramatically had a non-litigation approach been pursued first."  (Id.)  Defendant also noted discovery issues with former counsel, who has been disbarred in this Court.  (Id.; Doc. 32.)  While Parties certainly have the right to file suit to vindicate their rights, the circumstances in this case weigh against an award for attorney's fees.  Such an award would not only fail to advance the interests of the Copyright Act, but would disserve the ends of justice.  See Mitek Holdings, Inc. v. Arce Eng'g, Inc., 198 F.3d 840 (11th Cir. 1999).

In light of these findings, and the findings of fact stated in the Court's Orders granting partial summary judgment and

entering judgment against Defendant, Plaintiff's motion for
attorney's fees is **DENIED**.

**4. Costs**

"[T]he court in its discretion may allow the recovery of full
costs by or against any party." 17 U.S.C. § 505. Defendant does
not object to Plaintiff's copying costs. Because those costs are
reasonable, the Court **GRANTS** Plaintiff's request for $21.30 in
copying costs.

Plaintiff's request for reimbursement of its $200 *pro hac
vice* application fee is a different story. Initially, Defendant
did not contest Plaintiff's claim to recover this fee. (Doc. 43,
at 4.) Now, after reviewing Plaintiff's itemized billing records,
Defendant objects to paying the fee. (Doc. 46, at 1-2.) Although
Plaintiff claims no authority exists for the proposition that *pro
hac vice* fees are not recoverable, courts in this District have
repeatedly determined exactly that. "The *pro hac vice* fee is an
expense of counsel, not the client, and is thus not recoverable."
Cathey v. Sweeney, No. CV 205-202, 2007 WL 1385657, at *1 (S.D.
Ga. May 8, 2007); see also Rolland v. Textron, Inc., No. CV105-
023, 2008 WL 11401778, at *1 (S.D. Ga. Dec. 31, 2008); Misener
Marine Const., Inc. v. Norfolk Dredging Co., No. 404CV146, 2008 WL
5046174, at *10 (S.D. Ga. Nov. 24, 2008), aff'd, 594 F.3d 832 (11th
Cir. 2010); Chishom v. Berryhill, No. CV 117-136, 2019 WL 1672430,
at *1 (S.D. Ga. Mar. 26, 2019), *report and recommendation adopted*,

2019 WL 1653914 (S.D. Ga. Apr. 17, 2019); <u>Doyle v. Berryhill</u>, No. CV 117-144, 2018 WL 6332848, at *1 (S.D. Ga. Nov. 6, 2018), *report and recommendation adopted*, 2018 WL 6331692 (S.D. Ga. Dec. 4, 2018). Thus, while Plaintiff's request for $21.30 in copying costs is **GRANTED**, Plaintiff's claim to recover its *pro hac vice* application fee is **DENIED**. Plaintiff is awarded $21.30 in costs.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorney's fees (Doc. 41) is **GRANTED IN PART and DENIED IN PART**. Plaintiff is awarded $21.30 for costs. Plaintiff's motion is otherwise **DENIED**. The Clerk is **DIRECTED** to **ENTER JUDGMENT** in favor of Plaintiff and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 12th day of January, 2022.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA